[Sac. No. 715.  Department Two.—January 22, 1901.]

131  415
133  394
131  415
140  353

In the Matter of the Estate of D. Q. ADAMS, Deceased.
ELIZABETH ADAMS, Executrix, etc., Respondent, v.
BANK OF WOODLAND, Appellant.

ESTATES OF DECEASED PERSONS — SETTLEMENT OF ACCOUNTS—CONCLU-
SIVENESS—ITEMS OMITTED FROM ANNUAL ACCOUNTS.—The settlement
of the annual account of an executor or administrator is con-
clusive only as to the items actually included therein, and does
not estop him from including in his final account any item not
previously included and passed upon in any annual account,
though it be for a demand existing prior thereto.

ID.—OMITTED CHARGE FOR HARVESTER—ALLEGED PROMISE—CONFLICTING
EVIDENCE—FINDING.—Where it is claimed that a charge by an ex-
ecutrix for the use of an engine and harvester was omitted from
an annual account under an alleged promise that if contestant
would consent to the allowance of the account as rendered, she
would make no charge for such use, where the evidence is con-
flicting as to whether such promise was made, the finding of the
court against the promise cannot be disturbed.

ID.—LOSS IN FARMING BY EXECUTRIX.—If it were shown that the charge
for the harvester was included in farming operations volun-
tarily carried on by the executrix at a loss, it should be disal-
lowed; but where there is no evidence or finding upon that
point, the allowance cannot be disturbed for that reason.

ID.—ALLOWANCE OF ATTORNEYS' FEES—DISCRETION.—The superior court
has the right to determine what attorney's services were ren-
dered on behalf of the estate, and the reasonable value thereof;
and its order of allowance as to attorneys' fees will not be in-
terfered with except in case of a plain abuse of discretion.

ID.—IMPROPER CHARGE—DEBT OF INSOLVENT LESSEE TO EXECUTRIX PER-
SONALLY.—The executrix cannot charge the estate with the balance
of indebtedness claimed to be due to her individually upon a
note given to her for property sold by her to a lessee of the es-
tate, who became insolvent and returned to her the property
sold by her to him, and who also returned to the estate prop-
erty sold to him by the estate, there being nothing in the rec-
ord to show any liability of the estate for such charge.

ID.—FINDINGS UPON CONTEST OF FINAL ACCOUNT.—It is not necessary
to have findings upon a contest of a final account; but when
findings are filed upon such contest, they may be considered
upon appeal for the purpose of determining the issues upon
which the findings are made.

ID.—APPEAL—MODIFICATION OF DECREE SETTLING FINAL ACCOUNT.—When a decree allowing a final account is found upon appeal to be erroneous as to an item or items, the appellate court may direct the decree to be corrected, and, as corrected, affirm it.

APPEAL from a decree of the Superior Court of Yolo County settling the final account of an executrix. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

N. A. Hawkins, Craig & Hawkins, and Thomas B. Bond, for Appellant.

R. L. Simpson, and Hurst & Hurst, for Respondent.

THE COURT.—Elizabeth Adams, the executrix of the will of deceased, filed her final account, asking for its settlement and allowance. The Bank of Woodland, a creditor of said estate, filed a written contest as to certain items of the account. Findings were filed and a decree entered allowing the account and the contested items. This appeal is from the decree and an order denying a new trial. It is claimed that the court erred in allowing the executrix the item of $4,295 for the use of her steam-engine and harvester for the years 1890 to 1893. The main argument urged in support of this contention is, that the executrix filed and had settled her annual accounts from 1890 to 1897, and during this time rendered four such accounts, and for the reason that in those accounts no charge is made for the use of the steam-engine and harvester, she should now be estopped and precluded by the decrees settling said accounts. The accounts as so settled made no mention of the items in dispute, and the question is as to whether in such case the executrix can charge such item in her final account. We think the settlement of the annual accounts were conclusive only as to such matters as were actually included therein, and directly passed upon by the court.

It is provided in the Code of Civil Procedure, section 1622 et seq., that six months after his appointment, and at any time when required by the court of its own motion, or upon the application of any person interested in the estate, the executor or administrator must render, for the information of the court,

an exhibit, under oath, showing the amount of money received and expended by him, the amount of all claims presented against the estate, and the names of the claimants and all other matters necessary to show the condition of its affairs. Any person interested may appear and by objections in writing contest any account or statement therein. Within thirty days after the expiration of the time mentioned in the notice to creditors the executor or administrator must render a "full account and report of his administration." This account must exhibit all debts which have been presented and allowed during the period embraced in the account. If the account be for a final settlement, the notice of settlement must state such fact. On the day appointed for settlement any person interested in the estate may appear and file his exceptions, in writing, to the account and contest the same. It is then provided by section 1636: "All matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of sale, may be contested by the heirs for cause shown."

This item was a matter not passed upon on the settlement of any former account, and the contestant had its day in court, and was allowed to, and did, contest the charge. It could not have contested the item in any former account because no former account contained it. No matter what was contained in former accounts, the item in dispute here has been only once in any account, and when so in, the contestant filed his objection in writing, produced its witnesses, and was given a hearing.

Section 235 of the probate act of 1861 contained the same language herein quoted from the Code of Civil Procedure, section 1636. In *Walls v. Walker*, 37 Cal. 424,[1] it was held that an annual account of an executor or administrator is not conclusive, except as to such items as are included in it and actually passed upon by the probate court. In the opinion it is said: "The fact that the heirs, legatees, and creditors are thus expressly permitted to contest matters not included and passed upon in any former account necessarily implies that the administrator is not precluded from going behind a former account

---

[1] 99 Am. Dec. 290, and note.

CXXXI. Cal.—27

and bringing forward charges which through inadvertence or oversight may have been omitted."

Mr. Woerner, in the second edition of his work on the American Law of Administration, section 504, page 1126, says: "But even where the accounting or settlement is conclusive as to the matters adjudicated, it cannot be conclusive as to matters omitted from the account, which may therefore be surcharged in subsequent settlements."

The text refers to and is supported by *McLellan's Appeal*, 76 Pa. St. 235; *Saxton v. Chamberlain*, 6 Pick. 422, 425; *Blake v. Pegram*, 109 Mass. 541, 551.

It is further claimed that the item should not be allowed, for the reason that the executrix agreed at the time of the settlement of her third annual account that if contestant would consent to the allowance of said account as rendered she would make no charge for the engine and harvester. It is sufficient to say that there was a conflict of evidence as to whether or not any such agreement was made, and the finding of the court is in favor of the executrix upon the proposition. The executrix testified that she made no such agreement. As to the suggestion that the executrix incurred loss to the estate by the farming operations for which the charge is made there appears to be no evidence or finding upon the point. If it had been alleged and found upon evidence that the item was incurred in carrying on farming operations by the executrix of her own volition, and that such farming resulted in loss to the estate equal to the amount of the charge, the court no doubt would not have allowed it.

The account contained a charge of $800 paid as attorneys' fees to one Hopkins for services in behalf of the estate as assistant counsel. The court found "that the services for which the sum of $800 were paid were properly rendered for and on behalf of said estate, and said sum is the reasonable value of said services, and that the same is a proper charge against said estate."

There is evidence sufficient to support this finding. The court below had the right to determine what services were rendered and the reasonable value thereof. The order of the lower court as to attorneys' fees will not be interfered with, except in

case of a plain abuse of discretion. (*Freese v. Pennie*, 110 Cal. 470.)

The account charged the estate with the following: "Balance on note of $7,111.11 due Elizabeth Adams from J. R. Williams, September 1, 1892, for which she received from Williams property of the value of $5,000 (steam-engine and harvester), and estate received from Williams property of the value of $2,111.11, the same being still due from the estate and unpaid, $2,111.11."

The court erred in allowing this item. The evidence shows that in the year 1890 the executrix leased the lands of the estate to one Williams for the term of five years. Williams bought of the executrix a large amount of personal property of the estate, for which he gave two notes, one for $9,700 and another for $1,826. He also bought the steam-engine and harvester, giving the executrix his note for the purchase price, $6,500. On September 1, 1892, Williams owed the estate on the two notes, with interest, $13,434.73, and the executrix on the note and interest for the engine and harvester $7,111.11. Williams had paid the executrix $690.20 prior to September 1st, which she had applied on her own $6,500 note. Williams, at the last-named date, was insolvent, and transferred all the property he had bought of the estate, with some other property, to the executrix for the estate. He also transferred the engine and harvester to the executrix in her own right. In other words, the estate took back from Williams its property, and the executrix in her own right took back the engine and harvester. The executrix received on her note of $6,500 the $690.20, credited the note with $5,000, the amount she deemed to be the value of the engine and harvester when returned to her, and seeks to charge the estate with the balance due on the note, $2,111.11. There is nothing in this record to justify any theory upon which the estate could be held for the balance of Williams' debt to the executrix. The estate claimed no interest in the transaction. It was not the guarantor of the debt of Williams to the executrix. The property returned to the estate was for the benefit of the estate. If the entire amount of property returned was sold for sufficient to pay the notes in full due by Williams to the estate, and the note due the executrix in her own right—and

the account clearly showed this—a different question would be presented. But what right had the executrix to take back her own property, fix her own appraisement upon it, credit her note with the amount so fixed and charge the estate with the balance? She has charged the estate with $4,295 for the use of this property so returned to her, she received the $690.20 from Williams, and she now seeks to charge the amount of the face of the note, less her own value placed upon the engine and harvester. In selling the property of the estate to Williams and in taking it back the executrix acted without any order of court. Williams, it is claimed, was insolvent as to the estate, but it is sought to have the estate make him solvent as to the executrix. There was not any separate account kept of the property so returned to the estate, and it cannot be said that the estate ever received even the face value of its notes given by Williams. The executrix testified: "The property received from Williams on this settlement has all been received by the estate; most of it has been sold; the funds derived from the sales paid into the estate and the accounts show it. Of course a large amount of this property was used for the estate and some of it worn out on the lands of the estate."

When findings are filed in a contest of this kind they may be considered, for the purpose of determining the issues upon which such finding is made. (*Miller v. Lux*, 100 Cal. 613.) But it is not necessary to have findings in such case. (*In re Levinson*, 108 Cal. 455.) When the decree allowing a final account is found to be erroneous as to an item or items, this court may direct the decree to be corrected, and as corrected affirm it. (*Estate of Parsons*, 65 Cal. 240.)

The court below is directed to correct the decree as to the item of $2,111.11 in accordance with this opinion, and as so modified and corrected it is affirmed with costs to appellant.