[Civ. No. 7109. First Appellate District, Division Two.—November 6, 1929.]

ALICE H. COMER, as Administratrix, etc., et al., Respondents, v. ASSOCIATED ALMOND GROWERS OF PASO ROBLES, (a Corporation), Appellant.

Griffith & Thornburgh and Wm. G. Griffith for Appellant.

M. R. Van Wormer for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to recover a judgment against the defendant for money. Thereafter they filed a second amended complaint. The defendant demurred. Its demurrer was overruled and thereafter it filed an answer which, among other things, pleaded an earlier judgment as a bar. A trial was had in the trial court before the court sitting without a jury. The court made findings in favor of the plaintiffs, and from a judgment entered thereon the defendant has appealed. In their second amended complaint the plaintiffs alleged the corporate capacity of the defendant; that on the first day of November, 1922, the plaintiffs commenced an action, No. 7251,

records of the county clerk of San Luis Obispo County, in specific performance against the defendant to compel the defendant to execute a deed to certain lands, and if it be found that defendant was unable to convey said premises, then to recover judgment in the sum of $15,000, which sum was alleged to be the value of the premises in controversy at the time of the commencement of the action; that the action came on for trial; that the plaintiffs offered to prove by Frank W. Aston that at the time action No. 7251 was commenced, and at the time the action was on trial, Frank W. Aston was the owner of the premises. Objection was made that the evidence was inadmissible because not within the issues, and the objection was sustained; that during the course of the trial the court inquired of defendant's counsel if defendant was able to convey the premises in the event that the court should decide in favor of the plaintiffs; that counsel answered the question in the affirmative and the trial continued; that thereafter the court made findings in favor of the plaintiffs and, among other things, found that the plaintiffs had paid the defendant $13,000 and that plaintiffs were entitled to a conveyance; that thereafter a decree was entered directing defendant forthwith to execute a conveyance and to deliver the conveyance, together with a certificate of title, showing the premises to be free and clear of encumbrances and liens; that for the purpose of carrying said judgment into effect the court appointed a commissioner; that thereafter plaintiffs served a copy of judgment and a notice of entry on the defendant; that the judgment has never been appealed from nor vacated and has become a final judgment; that the defendant did not execute the conveyance; that the commissioner did execute the conveyance; that at the time the said action No. 7251 was commenced the defendant was not, and is not, the owner of said premises; that the conveyance is void; that the plaintiffs have paid the defendant $13,000, no part of which has been returned; that by reason of the representation of defendant's counsel in open court on the trial of action No. 7251 the plaintiffs and the trial court relied thereon and acted thereon, and that the defendant is estopped from setting up the judgment in action No. 7251 as a bar in this action. The trial court made findings in favor of the plaintiffs on each of the allegations except as follows: ''That by

reason of the stipulations, assurances and representations of defendant's said counsel with respect to defendant's ability to convey title to said premises, referred to in paragraphs three and four in the complaint herein, *plaintiff's counsel* was misled and, after the representation had been made, as aforesaid, he proceeded in the said cause to its completion in full reliance thereupon, and that after the said matters were stated by defendant's counsel, plaintiffs verily believed that defendant could and would convey title to said premises to them; that the issue of defendant's ability to convey title to said premises was withdrawn from said cause by reason of said remarks, stipulations and representations, and by reason thereof defendant is estopped in this action from setting up the defense of *res judicata*. Among other things, the trial court found:

"That it is true that the plaintiffs and their counsel well knew that the defendant had only a contract to purchase said premises and that its ability to convey to the plaintiffs depended upon its paying the said Aston the balance due on said contract.

"That all of the allegations of the second defense set forth in defendant's answer are true, excepting that it is not true that the plaintiffs are estopped by the judgment in said action No. 7251 from maintaining this action."

The defendant claims it was not estopped from setting up the defense of *res judicata*. It claims that the statement made by the defendant in action No. 7251 was a promise to do something in the future and should be classed in the realm of contracts and cannot be used to create an estoppel. It cites and relies on 21 Corpus Juris, 1142, section 144. It is stated in the text that such is the general rule. But in the next section of the text "Exceptions to Rule" are enumerated, and *Seymour* v. *Oelrichs*, 156 Cal. 782 [134 Am. St. Rep. 154, 106 Pac. 88], is cited in the notes. In that case, at page 797 of 156 Cal., *supra,* the court said: "Practically, defendants said to plaintiff: 'We want you to enter our employ at once. We know that to do so you must give up your life position in the police department and that you are not willing to do this unless you are assured of employment for ten years at three hundred dollars a month. A written contract is, under our statute, essential to guarantee you such employment. We will execute this contract

just as soon as Mr. Fair returns from Europe. Go ahead and resign your position now and commence work with us at once, and it will be all right. The written contract will be given as promised.' '' At another place the court quotes with approval from *Anderson* v. *Hubble*, 93 Ind. 570 [47 Am. Rep. 394]: "All that is meant in the expression that an estoppel must possess an element of fraud is, that the case must be one in which the circumstances and conduct would render it a fraud for the party to deny what he had previously induced or suffered another to believe and take action upon. . . . There need be no precedent corrupt motive or evil design.'' Then, at page 799 of 156 · Cal., *supra,* the court said: ''While the question is by no means free from doubt, we believe that it should be held that there were sufficient facts in this case to support a conclusion that the promise here to give such a written agreement as was required by the statute was made under such circumstances that the irrevocable surrender by plaintiff of his position in the police department in full reliance thereon, made it, in the eye of equity, a binding contract, the subsequent repudiation of which by defendants would constitute such a manifest fraud as would justify the application of the doctrine of equitable estoppel.'' We think the exception, stated in 21 Corpus Juris, 1142, section 145, rather than the rule, is applicable in this case.

It is unnecessary to discuss any other point.

We find no error in the record. Judgment affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1929.