[Civ. No. 9828.   Second Appellate District, Division Two.—September 27, 1934.]

M. BURNETT SONTAG, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Denio, Hart, Taubman & Simpson for Petitioner.

Doyle, Clark, Thomas & Johnson, Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Respondent.

WILLIS, J., *pro tem.*—An alternative writ of prohibition was issued herein, prohibiting the Superior Court in and for Los Angeles County from taking further proceedings based upon the account of petitioner as former executor of an estate of a decedent until further order of this court. An answer has been filed by respondent, and to that petitioner has filed a demurrer. Both parties having submitted their authorities and presented their views in oral argument, the matter stands submitted.

On July 28, 1932, petitioner resigned as executor of the last will and testament of Clara Louise Maitland, deceased, whose estate was in process of administration in the Long Beach department of the superior court, sitting in probate. Western Trust and Savings Bank was on the same date appointed administrator with the will annexed of said estate. After his resignation petitioner filed his final account as executor, to which the new administrator filed written objections, comprising twenty-five items, and the hearing on the

account and objections came on regularly on September 19, 1932, upon the conclusion and submission of which, the court on the same date made its order settling the account. Before the making and entry of the order a stipulation between petitioner and the administrator was filed, providing among other things not pertinent herein that the court may settle the account and order transfer of property therein described to the administrator "without prejudice to any action said administrator with the will annexed, or anyone else interested in said estate, may hereafter bring against said M. Burnett Sontag, former executor", for (a) failure to include in the inventory a certain contract or mortgage of $3,500 covering property owned by Edna Brown, or for $3,500 held by him at the time of decedent's death and understood by decedent to have been in the form of a mortgage on property owned by Edna Brown; (b) for damages that the estate may have suffered by reason of his having substituted in place of parcel 1, as described in the inventory, the real property described as lot 12 in block 7 of Long Beach Heights, Long Beach, California; and (c) for damage sustained by the estate by his substituting in place of parcel 5 as described in the inventory the real property described as lots 33 and 34 in block "B" of Wetherby tract in Long Beach, California. The order, based on the evidence and this stipulation, entered September 19, 1932, decreed that the account of petitioner, as former executor, be allowed and settled as thereinafter provided, "without prejudice to any action said Western Trust and Savings Bank of Long Beach, as administrator with the will annexed, or any persons interested in said estate, may bring against said petitioner" by reason of any of the matters stated in paragraphs (a), (b) and (c) above, therein reciting the substance of the stipulation as written and filed.

On May 14, 1934, the administrator moved for permission to file amendments to the objections previously filed and to set a definite date for hearing of said objections, to which petitioner filed objection; and the motion being made and submitted, was granted, and the court set the hearing thereon for June 12, 1934. On June 11, 1934, petitioner moved the lower court for an order prohibiting further hearing on said account and objections thereto, which motion was denied; whereupon petitioner sought and secured the alternative writ

of prohibition issued herein. The amendments to the objections which the court allowed to be filed and on which hearing was set for June 12, 1934, related exclusively to the matters embraced in the paragraphs a, b and c in the stipulation and the order above recited, being apparently only an amplification thereof with more of detail. Upon comparison of these amendments and the reservations in the order with the objections filed and before the court on the hearing of the account, it is noted that paragraph (a) concerns the same matter set forth in objection number 21, paragraph (b) refers to and concerns the matters set forth in objections numbered 18 and 22, and paragraph (c) refers to and concerns matters set forth in objections numbered 19 and 23.

It is conceded that no appeal was ever taken from the order settling petitioner's account, and his contention herein is that the order having become final operates as a bar to further inquiry as to the account or the objections thereto, under the doctrine of *res judicata*.

■ The settlement of an executor's account and the allowance thereof by the court, in the absence of appeal, is conclusive against all persons interested in the estate; but only as to such matters as were actually included in the account or objections thereto and actually passed upon by the court. (*Walls* v. *Walker,* 37 Cal. 424 [99 Am. Dec. 290]; *Tobelman* v. *Hildebrandt,* 72 Cal. 313 [14 Pac. 20]; *Estate of Adams,* 131 Cal. 415 [63 Pac. 838]; *Estate of Ross,* 179 Cal. 358 [182 Pac. 303]; *Estate of Clary,* 203 Cal. 335 [264 Pac. 242].) In the case of *Estate of Ross, supra,* certain advancements of money to a Mrs. Scanlan were included in an administrator's account. In a final account, allowance was made of credit for these same advancements. On appeal it was contended that this credit was allowed in the former account and that inquiry into this item was therefore precluded. In the order settling the former account the court expressly reserved ''decision as to the advancements to Mrs. Scanlan''. In affirming this subsequent allowance of credit the Supreme Court said: ''The settlement of an account is not conclusive, 'except as to such items as are included in and actually passed upon by the probate court'. (*Estate of Adams,* 131 Cal. 415 [63 Pac. 838].)''

■ In the instant case the order settling the final account of petitioner by its terms in effect excluded from decision at

that hearing any of the matters specified in paragraphs a, b and c, therein recited, and this in consonance with the written stipulation of the parties. This amounts to a reservation for future hearing and decision. The matters and controversies embraced by those reservations were not actually passed upon or decided by the court, sitting in probate; hence they are not concluded under the rule above stated.

The subsequent proceedings to amend the objections relating to such matters, and to set the matter for hearing, were but a continuation of exercise of jurisdiction by the probate court on matters originally within its jurisdiction and thus expressly reserved. Clearly, the superior court, sitting in probate, is acting and proceeding to hear and act with full power to determine the matters embraced within the reservations to its order settling petitioner's final account.

The alternative writ is discharged and a peremptory writ denied.

Stephens, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1934.