152 Cal.App.2d 225 (1957)
Estate of MYRTLE F. WELCH, Deceased. ARTHUR A. FAIRCHILD, as Executor, etc., Appellant,
v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Special Administrator, etc., Respondent.
California Court of Appeals. 
July 2, 1957.
 Kenneth M. Liskum for Appellant.
 Austin, Austin, Jones & Chaffee and Irving P. Austin for Respondent.
 WOOD (Parker), J.
 Appeal by Arthur A. Fairchild, executor of the will of Myrtle F. Welch, from an order awarding commission and extraordinary fees to the Bank of America, as special administrator, and awarding ordinary and extraordinary fees to the bank's attorneys.
 On August 6, 1952, the bank was appointed special administrator, with general powers, of the estate of Myrtle F. Welch. On September 7, 1954, Arthur A. Fairchild was appointed executor of her will. On October 21, 1954, the bank filed its first and final account as special administrator, and listed therein disbursements for funeral expenses and an autopsy in the total amount of $599.28. The executor objected to the account on the grounds, among others, that personal property had not been itemized in the inventory, and that certain personal property was missing. No objection was made to the *227 amounts paid for the funeral or the autopsy. The court found, with reference to the account, that the bank as special administrator had accounted for all assets received by it; that the bank exercised due care in the collection and preservation of the assets; that it is not true that the bank "received any property belonging to the estate or which is not accounted in said account." It was also stated in the findings that no request was made for commission of the special administrator or for fees of its attorneys, and "no finding as to the amount of such commission or fees is made, but is reserved to the time of the Final Accounting." On December 10, 1954, an order was made approving the account. No appeal was taken from the order. On June 21, 1955, the bank was discharged as special administrator.
 On March 26, 1956, the bank filed a petition for apportionment of commission and for extraordinary fees as special administrator, and for apportionment of ordinary fees and for extraordinary fees for its attorneys. The executor objected to the petition on the grounds, among others, that the bank had paid $599.28 for funeral expenses and an autopsy, contrary to the instructions of decedent that the cost of her funeral should not exceed $100, and that the instructions were known to the bank's attorneys prior to the time of payment; that the bank, as special administrator, had received certain personal property of decedent of the value of $1,530 and had failed to itemize the property in the inventory, to safeguard the property, and to turn it over to the executor; and that said property was missing.
 It is to be noted that the objections to the final account and the objections to the petition for fees were substantially the same, except that in the objections to the account there was no objection to the funeral expenses.
 The petition of the bank for commission and fees, as special administrator, was heard on May 1, 1956. The court ruled that the questions as to whether the bank had accounted for all the property of the estate, and whether the payment of the funeral expenses and autopsy was proper, had been adjudicated by the order (of December 10, 1954) approving the final account of the bank as special administrator. The court awarded $542.40 to the bank as commission (which was two-thirds of statutory commission) and $250 as extraordinary fees, and awarded the same amounts to the attorneys as statutory and extraordinary fees. *228
 As above stated, the executor appeals from the order allowing commission and fees in the special administration.
 Appellant argues to the effect that no award should have been made for the services of the special administrator or its attorneys for the following reasons: the special administrator paid more than $100 for funeral expenses; the special administrator failed to account for alleged missing personal property of the alleged value of $1,530; the special administrator should be "surcharged" with the excessive amount paid for the funeral and with the value of the missing property; and that the matter of determining the amount of commission and fees was reserved until the final accounting by the executor. Appellant argues further that the order of December 10, 1954, approving the account of the special administrator was not res judicata as to his objections to the petition for commission and fees. It seems that appellant is not contending that the amounts awarded as commission and fees were not proper amounts for the services rendered, but that the special administrator and its attorneys should have been charged (for overpayment for funeral and for missing property) with the amounts that exceeded the value of the services rendered. In his brief, appellant states: "In this proceeding, Executor, by means of objections to allowance of fees, has sought to charge either or both Special Administrator and its attorneys with mismanagement of the estate of which he [appellant] is sole devisee and legatee." [1] The order settling the final account of the special administrator was res judicata as to the matter of funeral expenses and alleged missing property. Those matters were necessarily involved in the settlement of the final account of the special administrator. In the account, credit was claimed by the special administrator for payment of the funeral expenses. In appellant's objections to the account he made no objection to the funeral expenses, and his objection regarding missing property was decided against him. The court found that the special administrator had accounted for all assets and had exercised due care in the collection and preservation of the assets. The account was approved.
 In Estate of Wear, 20 Cal.2d 124 [124 P.2d 12], it was held (p. 127) that the settlement of the final account of a special administrator was conclusive as to all matters necessarily involved therein against all persons interested in the estate, except those under a legal disability. In Estate of Roberts, 27 Cal.2d 70, 78 [162 P.2d 461], the court said, at *229 page 79: "An order settling an account binds those interested in the estate to the propriety as well as to the occurrence of the receipts and disbursements listed." In Sontag v. Superior Court, 1 Cal.App.2d 138 [36 P.2d 140] it was held (p. 141) that the settlement of an executor's account is conclusive against all persons interested in the estate as to such matters as were included in the account or objections and were decided by the court.
 [2] Appellant argues further that since the special administrator and its attorneys did not plead res judicata, or offer any evidence as to a prior adjudication, the court erred in ruling that the order was res judicata. When a representative of the special administrator was testifying at the hearing on the petition for fees, he was asked (by appellant) what he saw in the house while he was there listing the property. Counsel for the special administrator objected to the question, stating that the order approving the account of the special administrator was in the file, and that what happened prior to the order was "res judicata." It is true that the order was not offered in evidence, but it was pleaded in the petition and not denied. Appellant has included the order and findings as a part of the clerk's transcript and has stated in his brief that "both parties treated them as though they were in evidence." The issue of prior adjudication, as to the matter of funeral expenses and alleged missing property, was properly before the court.
 [3] Appellant asserts further that since the matter of commission and fees was reserved (in the prior proceeding) until the final account by the executor, the court in the present proceeding should have received any and all evidence as to the propriety of awarding commission and fees; and that evidence as to paying an excessive amount for the funeral and as to failing to account for all the property related to the propriety of awarding commission or fees. In the present proceeding, the judge stated that appellant could go into the question of fees on any issue that had not been determined. As above stated, the matter of funeral expenses and accounting for all the property had been determined by the order approving the account of the special administrator. Appellant does not refer to any additional evidence that the court should have considered.
 The statement relative to reserving the matter of commission and fees until the final accounting by the executor was in the findings of December 10, 1954. The petition herein *230 for commission and fees was filed about one and one-fourth years thereafter, on March 26, 1956. Apparently there was a delay in filing the final account of the executor for the reason the executor appealed from an order allowing extraordinary fees to an attorney who had represented him in a contest of decedent's will. Under such circumstances, the special administrator was not required to await the final accounting by the executor before petitioning for commission and fees. In the present proceeding, the court did not err in awarding commission and fees prior to the final accounting by the executor.
 The order is affirmed.
 Shinn, P. J., concurred.