[Civ. No. 23243. Second Dist., Div. Two. Nov. 24, 1958.]

ARTHUR A. FAIRCHILD, as Executor, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Roger J. Pryor and Pauline Day Bakst for Appellant.

Samuel B. Stewart, Hugo A. Steinmeyer, Robert H. Fabian and Frank L. Schmehr for Respondents.

FOX, P. J.—Defendants' motion to dismiss on the ground that the matters alleged in plaintiff's first amended complaint were res judicata was granted and plaintiff appeals from the ensuing judgment of dismissal.[1] In this action, plaintiff sought to recover money from the defendant bank, as special administrator of the estate of Myrtle F. Welch, and from A. L. Brehan, agent for the bank, by reason of the alleged failure of the defendants to protect and account for portions of the estate and for the improper allowance of claims.

Myrtle F. Welch died testate on December 22, 1951, naming the plaintiff as executor. Defendant bank on August 6, 1952, pending a contest of decedent's will, was appointed special administrator with general powers. On September 7, 1954, plaintiff was appointed executor. The bank, on October 21, 1954, filed its first and final account as special administrator. The plaintiff objected to the account on several grounds, the objections pertinent to this action were that "the Special Administrator received possession from this objector of all property included in the estate of decedent on or about the 12th day of August, 1953, including the late residence of the decedent . . . and the keys thereto. That the personal property then so received by the Special Administrator included eight Navajo rugs of different sizes, three Persian type rugs, two

---

[1]In his notice of appeal plaintiff inadvertently states that the judgment of dismissal resulted from the sustaining of defendants' demurrer to his first amended complaint without leave to amend. The record, however, shows that upon the motion to dismiss being granted, the demurrer was ordered off calendar. We have therefore treated the appeal as one from a judgment resulting from the motion to dismiss rather than a ruling on demurrer.

India type rugs, one Prairie Fox fur stole, one Red fox fur stole and two American Indian type blankets and many other items of personal property that the Special Administrator failed and neglected to make an [sic] complete inventory of the said household furniture and furnishings although the same were located in the decedent's late residence. . . . That the Special Administrator lumped all of the said household furniture and furnishings into a single item. . . . That several items were taken surreptitiously from said residence or garage while the same were charged to and were in the constructive possession of the Special Administrator, and have never since been restored to the possession of the Special Administrator, nor to the undersigned, but must have been stolen; that this objector knows that the eight Navajo rugs, three Persian type rugs, two India type rugs, one Prairie fox fur stole, one Red Fox fur stole and one American Indian type blanket were of substantial value, and disappeared while in the constructive possession of the Special Administrator. Other items may also be missing.'' Further objection was made on the ground that the bank allowed a contestant of the will to obtain possession of the key to the above mentioned residence and garage.

On December 10, 1954, after a hearing on the account and objections thereto, an order was made by the probate court approving the account and overruling the objections. The probate court specifically found that (1) ''Said Special Administrator has truly and fully accounted to the court for all assets received by it and all income and disbursements made as reflected by the Schedules attached to the First and Final Account, Report and Petition for Distribution, and has performed all the duties required and necessary to be performed by said Administrator in the administration of the estate,'' (2) ''all the allegations contained in petitioner's First and Final Account, . . . including Exhibits attached thereto, are true,'' (3) ''it is not true that the Special Administrator received any property belonging to the estate or which is not accounted [for] in said account,'' (4) ''there is no evidence that would justify the court in concluding that several items were surreptitiously taken from the residence or garage while the same were charged to and were in the constructive possession of the Special Administrator,'' and (5) ''the Special Administrator has at all times exercised due diligence and care in the collection and preservation of the assets and income of said estate.'' No appeal was taken from this order.

The order approving the account provided for the discharge of the defendant bank upon its delivery of the estate's assets

to the plaintiff and obtaining and filing a receipt therefor. Such receipt was signed by the plaintiff on June 10, 1955. The last paragraph thereof provides as follows: "But this Receipt is made and accepted by the undersigned upon the express understanding that the undersigned reserves whatever rights he may deem that he, his heirs, legatees and devisees may possess to file and maintain an action against the aforesaid Bank of America National Trust and Savings Association, and against A. L. Brchan and against any other person or persons against whom the undersigned may deem himself to be aggrieved, as the result of or arising out of the actions or want of action on the part of said bank and/or said A. L. Brchan and or such other person or persons that may be or may have been connected in any way with the possession, past or present, of the property hereinabove mentioned." On June 21, 1955, the bank was discharged.

On March 26, 1956, the defendant bank filed a petition for allowance of statutory fees, commissions and for extraordinary fees. Plaintiff objected on the ground, among others, that the bank had improperly paid out $599.28 for funeral expenses and that the bank had received certain personal property of the decedent of the value of $1,530 and had failed to itemize the property or to turn it over to the executor. The trial court ruled that these objections had already been adjudicated by the order of December 10, 1954, and awarded the fees and commissions as requested. On appeal the trial court was affirmed. (*Estate of Welch*, 152 Cal.App.2d 225 [313 P.2d 166].)[2] Meanwhile, on November 19, 1956, plaintiff instituted the present action which, on March 13, 1957, was dismissed on the ground of res judicata in that the matters sought to be litigated herein were determined by the proceedings which settled and approved the special administrator's first and final account, terminating in the order of December 10, 1954. It is from this judgment of dismissal that the plaintiff appeals.

█ Once a matter has been litigated and a final judgment on the merits reached by a competent court, it may not thereafter be relitigated between the same parties or those in

---

[2]Examination of the record in the Welch case discloses that the property therein alleged to be missing is the same property that plaintiff had previously claimed to be unaccounted for in his objections to the Special Administrator's first and final account, which were adjudicated adversely to him on December 10, 1954. It is also the same property that is involved in this lawsuit.

482

privity with them. ██ "The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of the litigants alike require that there be an end to litigation." (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 637 [134 P.2d 242].)

██ "In determining the validity of a plea of res judicata three questions are pertinent:

"1. Were the issues decided in the prior adjudication identical with those presented in the latter action?

"2. Was there a final judgment on the merits?

"3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892]; *McManus* v. *Bendlage*, 82 Cal.App.2d 916, 922 [187 P.2d 854].)" (*Stafford* v. *Yerge*, 129 Cal.App.2d 165, 168 [276 P.2d 649].)

There was a final judgment entered on the merits in the action settling the first and final account of the special administrator.

██ The plaintiff, the party *against* whom the plea of res judicata is asserted, was a party to the prior proceeding. The defendant bank was also a party to that proceeding. Defendant Brohan, however, was not a party nor in privity with a party to the prior proceeding, yet he may nevertheless raise the plea of res judicata for it is the rule in California that there is no requirement "that the party *asserting* the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." (*Bernhard* v. *Bank of America, supra,* p. 812; *Garcia* v. *Garcia,* 148 Cal.App.2d 147, 155 [306 P.2d 80]; *Barker* v. *Carver,* 144 Cal.App.2d 487, 491 [301 P.2d 307].) (Emphasis added.) ██ "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. (Citations.) He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. (*Ibid.*) There is no compelling reason, however, for requiring that the party asserting

the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

''No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. (Citation.) Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. (Citations.) . . . Thus, if a plaintiff sues a servant for injuries caused by the servant's alleged negligence within the scope of his employment, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the master as res judicata if he is subsequently sued by the same plaintiff for the same injuries. Conversely, *if the plaintiff first sues the master, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the servant as res judicata if he is subsequently sued by the plaintiff.* In each of these situations the party asserting the plea of res judicata was not a party to the previous action nor in privity with such a party under the accepted definition of a privity. . . .'' (*Bernhard* v. *Bank of America, supra,* pp. 811, 812-813.) (Emphasis added.)

In the case at bar, the findings of fact made by the probate court to the effect that all property was accounted for and that all allegations contained in petitioner's first and final account are true, is in effect a finding that the defendant bank and all of its agents and employees have acted properly with respect to the administration of this estate. Brchan was the assistant trust officer of the bank and it was Brchan who verified the petition and, according to plaintiff's complaint, Brchan was the agent of the bank and was acting as agent with the bank's knowledge, consent and permission, and that the bank authorized and ratified all of the complained of acts. Had the probate court merely found that the defendant bank had not itself been guilty of any misconduct or negligence, then it would be arguable that some of its agents might nevertheless be responsible for unaccounted for assets or other asserted irregularities, but the probate court found that the special administrator has accounted for all assets received by it and for all income and disbursements. In effect, it was found that the estate had been properly administered. This being true, plus the fact that the plaintiff does not suggest that the defendant Brchan has incurred any liability other

than or different from that sought to be imposed upon the bank, the plea of res judicata is available to him under the authorities to which reference has already been made.

 A hearing was had on the special administrator's first and final account and plaintiff's objections thereto. At that time, plaintiff specifically litigated the failure of the bank to itemize the personal property obtained from the decedent's residence. Plaintiff also litigated the propriety of the defendants' conduct in allowing the contestant of the will access to the decedent's residence and garage. The question whether all property received was accounted for was also determined.

These identical issues are the substance of plaintiff's first cause of action and, this being the case, the court below properly granted the motion to dismiss as to the first cause of action based on the plea of res judicata, which may be raised by a motion to dismiss. (*Stafford* v. *Yerge, supra*; *Estate of Welch, supra*.)

 Plaintiff contends, however, that the receipt which he signed specifically reserved to him the right to litigate the issues in the case at bar and the defendants have waived any right by their acquiescence and agreement to assert that the prior order is res judicata.

 It is true that matters which a prior court expressly refuses to determine and orders litigated in another forum or in another action are not res judicata. (*Cason* v. *Glass Bottle Blowers Assn.*, 37 Cal.2d 134, 141 [231 P.2d 6, 21 A.L.R.2d 1387]; *Stark* v. *Coker*, 20 Cal.2d 839, 843 [129 P.2d 390].) In the present case, however, the findings of fact made with respect to the order of December 10, 1954, demonstrate not only that the questions involved in the present case were not reserved for future litigation but were specifically ruled on in that proceeding.

 Plaintiff points to no conduct on the part of the defendants which could conceivably preclude them from raising the defense of res judicata. In *United Bank & Trust Co.* v. *Hunt*, 1 Cal.2d 340 [34 P.2d 1001], cited by plaintiff, it was held that res judicata was not available to a party who by his own conduct precluded the consideration in a prior action of matters sought to be litigated in a subsequent proceeding. In *Comer* v. *Associated Almond Growers*, 101 Cal. App. 687 [282 P. 532], also cited by the plaintiff, the defendants were estopped from raising the defense of res judicata on the ground that plaintiff had relied on representations made in open court by defendant's counsel and therefore

did not develop specific matters although in issue. These authorities do not support plaintiff's contention for it is not suggested that defendants in any manner prevented plaintiff from having his full day in court with respect to any issue presently under consideration. It is clear that these cases have no application to the instant matter.

As to the receipt itself, plaintiff's position that such receipt constitutes a waiver or reservation is untenable. The receipt was signed by plaintiff on June 10, 1955, almost six months after the entry of the order on December 12, 1954. It is difficult to conceive how a writing executed six months after the entry of an appealable order (Prob. Code, § 1240) can in any way add to, vary, or detract from such an order. While it is true that the order called for an appropriate receipt to be obtained and filed by the bank before it would be discharged, yet there is nothing in the record before this court which even remotely suggests that the order contemplated a writing which would result in nullifying the force and effect of the order itself and the findings of fact on which it was based.

 In his second cause of action, plaintiff alleges that the defendant bank "negligently permitted the allowance of certain improper personal obligations of said contestant to be charged against the estate. . . ." While it does not appear that this question was specifically considered by the probate court in the prior proceeding, it could have been and is, therefore, barred by the prior proceeding. (*Panos* v. *Great Western Packing Co., supra.*) As stated in *Estate of Welch, supra,* at page 228: "[t]he order settling the final account of the special administrator was res judicata as to the matter of funeral expenses and alleged missing property. Those matters were necessarily involved in the settlement of the final account of the special administrator. In the account, credit was claimed by the special administrator for the payment of funeral expenses. In appellant's objections to the account he made no objection to the funeral expenses. . . ." It is therefore clear that the plea of res judicata was available against the second as well as the first cause of action.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 21, 1959.