[Civ. No. 24922. Second Dist., Div. Two. May 18, 1961.]

A. A. FAIRCHILD, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Roger J. Pryor for Appellant.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer and Robert H. Fabian for Respondent.

ASHBURN, J.—Appeal from judgment entered pursuant to order sustaining without leave demurrer to first amended complaint.

Plaintiff, an alleged stockholder, sues the defendant bank for declaratory relief and injunction. The complaint fails to state a cause of action for any relief, and the trial court determined that "the alleged cause is not one in which the court should exercise its power to grant declaratory relief because a declaration of rights is not necessary or proper at the time under all the circumstances alleged."

It is alleged in the complaint that "the defendant has been engaged for many years in various and many instances in a fiduciary capacity, and is now conducting fiduciary business by appointment of persons, and by appointment by the Courts of this state as Executors, Administrators, Trustees and personal representatives in estates or other matters probated, litigated or otherwise conducted in the County of Los Angeles. . . ." "That for many years it has been the custom of the defendant corporation to engage as its attorney or counsel, in all cases where it has been appointed as a fiduciary by the Court, whether as Trustee, Executor or Administrator or personal representative, that attorney who represents to defendant corporation that he was the person who suggested or nominated the Bank of America as such fiduciary. . . . That in many instances the attorney so employed or retained by the defendant bank had previous or current dealings or contract of employment as attorney for the deceased, the creditors or heirs of a deceased person, and other interested parties in the matters or proceedings in which defendant bank consequently became fiduciary, and that by reason of such interest in the matters or parties involved may have an actual or indirect interest in said matter or proceedings on behalf of such client he may have or have had, which is inconsistent with the fiduciary's statutory duty of representing all of the parties in interest in the matter or proceedings to which the fiduciary has been appointed. That said personal interest, current or past, of the attorney so representing now the fiduciary, may be inconsistent with the representation of the fiduciary, and can and does result in damage to other

parties in interest in such matters or proceedings, as alleged in several cases of recent date, . . ."[1]

It is alleged that "unless such matters are brought to the attention of the Court by the fiduciary or counsel for fiduciary or an interested party in due time, the reputation of the Court and the laws of the State of California suffer thereby and parties whose interests are affected are damaged by such partial fiduciary representation of the aforesaid proceedings, and plaintiff and other stockholders in defendant corporation are injured by loss of prestige, business and earnings of defendant bank because of said practices, whether wittingly or unwittingly done." "That defendant bank, because of its fiduciary capacity, owes a duty to the Courts of this state and to the public, and to the plaintiff stockholder, and other stockholders in said corporation to disclose any adverse or inconsistent or prejudicial interest it or its attorney acting in said matters for the fiduciary which do or may exist or of which either of them may have knowledge and which is or may be prejudicial to the interests of the estate, matter, proceedings or Court in which they are acting, and to refrain from engaging as its counsel any attorney having such connection with said adverse or inconsistent interest. . . . That plaintiff has suffered loss as a stockholder by reason of the practices of defendant herein stated but that damages are not ascertainable. That plaintiff wishes and requests judicial determination of the propriety and lawful sanction of the acts complained of."

█ " 'It is an elementary principle of law that a court has no power or right to intermeddle with internal affairs of a corporation in the absence of fraudulent conduct on the part of those who have been lawfully entrusted with the management and conduct of its affairs. The principle has been so well settled and established in both federal and state jurisdictions that it seems unnecessary to give further citations. (*Consolidated Cement Corp.* v. *Pratt,* 47 F.2d 90.)

█ The authority of the directors in the conduct of the business of a corporation must be regarded as absolute when

---

[1]At this point plaintiff cites "*In re Estate of Welch,* 152 Cal.App.2d 225 [313 P.2d 166]; *Fairchild* v. *Bank of America,* 155 [165] Cal.App. 2d 470; and *Estate of Winnie,* 175 Cal.App.2d 698 [346 P.2d 856]." [We assume plaintiff, in citing the second case, has reference to 165 Cal.App.2d 477 [332 P.2d 101], for there is no such case in the volume cited.] None of these cases is pertinent. In all of them the Bank was being sued as Executor or Administrator, and no question of its attorney representing an adverse interest was raised or in any way involved.

they act within the law. The court cannot substitute its judgment for that of the directors.' '' (*Wall* v. *Board of Regents of University of California*, 38 Cal.App.2d 698, 699 [102 P.2d 533].) ▮ *Fornaseri* v. *Cosmosart Realty etc. Corp.*, 96 Cal.App. 549, 557 [274 P. 597]: "In the absence of fraud, breach of trust or transactions which are *ultra vires*, the conduct of directors in the management of the affairs of a corporation is not subject to attack by minority stockholders in a suit at equity, where such acts are discretionary and are performed in good faith, reasonably believing them to be for the best interest of the corporation. . . . Every presumption is in favor of the good faith of the directors. Interference with such discretion is not warranted in doubtful cases. . . .
▮ 'To warrant interference by a court in favor of minority stockholders . . . a case must be made out which plainly shows that such action is so far opposed to the true interests of the corporation itself as to lead to the clear inference that no one thus acting could have been influenced by any honest desire to secure such interest, but that he must have acted with an intent to subserve some outside purpose, regardless of the consequences to the company.' '' (See also *Findley* v. *Garrett*, 109 Cal.App.2d 166, 174-175 [240 P.2d 421]; *Levin* v. *Martin C. Levin Inv. Co.*, 123 Cal.App.2d 158, 163 [266 P.2d 552]; *Briggs* v. *Scripps*, 13 Cal.App.2d 43, 45 [56 P.2d 277]; *Brainard* v. *DeLaMontanya*, 18 Cal.2d 502, 509 [116 P.2d 66]; *Olson* v. *Basin Oil Co.*, 136 Cal.App.2d 543, 559 [288 P.2d 952].)

▮ The question of choice of counsel is a matter of the internal management of the corporation and, in the absence of fraud, illegal or ultra vires acts, the courts will not interfere therewith.

▮ Clearly, the within complaint contains no averment of any facts from which it would appear that defendant, in its employment of counsel, acted in violation of its articles of incorporation, or that its action transgressed the general law or public policy. There is no attempt to allege fraud. Plaintiff alleges no time, circumstances or names in connection with defendant's employment of counsel. "It is elementary that where an attorney has been employed to represent a client in respect of a particular matter, he cannot properly undertake to represent the adverse or conflicting interests of another person in respect of the same matter without the consent of the parties given after a full disclosure of the facts. Whether an attorney for an executor or administrator may

properly represent an heir or other beneficiary of the estate of the decedent in a controversy with other heirs or beneficiaries depends, therefore, ordinarily, upon whether there is any conflict between the interests of the estate and those of the heir or other beneficiary in respect of the matter involved, and the latter question depends, in turn, *upon the circumstances of the particular case.*" (Annotation, 47 A.L.R. 2d 1104, 1105.) (Emphasis added.) See also 21 Cal.Jur.2d § 898, p. 291; *Estate of Jones,* 118 Cal. 499, 503 [50 P. 766, 62 Am.St.Rep. 251]; *Estate of Healy,* 137 Cal. 474, 477-478 [70 P. 455]; *McCabe* v. *Healy,* 138 Cal. 81, 91 [70 P. 1008]; *Estate of Kafitz,* 51 Cal.App. 325, 329-330 [196 P. 790]. The instant complaint, abounding in generalities and conclusions, states no cause of action for relief in equity. Defendant's employment of counsel is strictly a discretionary matter and so far as appears from the face of the complaint has been and will be performed in good faith and in the exercise of its best business judgment.

*Shenberg* v. *DeGarmo,* 61 Cal.App.2d 326, 330, 332 [143 P.2d 74]: " 'It is only where the injury sustained to one's stock is peculiar to himself alone, and does not fall alike upon other stockholders, that he can recover as an individual.' " (See also *Sutter* v. *General Petroleum Corp.,* 28 Cal.2d 525, 530 [170 P.2d 898, 167 A.L.R. 271]; *Anderson* v. *Derrick,* 220 Cal. 770, 773 [32 P.2d 1078]; *Hawes* v. *Contra Costa Water Co.,* 104 U.S. 450, 457-460 [26 L.Ed. 827, 830-832].)

The only allegations concerning detriment are that "plaintiff has suffered loss as a stockholder by reason of the practices of defendant herein stated," and the assertion to the effect that should the bank in the future employ counsel who has an adverse interest in a proceeding, plaintiff and the other stockholders would be injured "by loss of prestige, business and earnings of defendant bank." These allegations indicate that if any detriment has been suffered by plaintiff, every stockholder has likewise suffered, thus if a cause of action can be stated, it must be by way of a derivative suit.

However, plaintiff cannot maintain a derivative suit without fulfilling the requirements of section 834, Corporations Code. (*Campbell* v. *Clark,* 159 Cal.App.2d 432, 437 [324 P.2d 51].) It is alleged that plaintiff "is the owner of shares" of defendant bank. Section 834, subdivision (a) (1), requires an allegation that plaintiff was a "registered shareholder" at the time of the transaction or any part thereof

of which he complains. It is further alleged "that demand has been made by plaintiff upon defendant to cease and desist from such practice, in litigation for damages (*Fairchild* v. *Bank of America*, 165 Cal.App.2d 477 [332 P.2d 101]) as an injured party in an estate; that further demand as stockholder would be futile." Plaintiff is required, under section 834, subdivision (a)(2), to allege "with particularity his efforts to secure from the board of directors such action as he desires" and that "he has either informed the corporation or such board of directors in writing of the ultimate facts of each cause of action against each defendant director or delivered to the corporation or such board of directors a true copy of the complaint which he proposes to file, and the reasons for his failure to obtain such action or the reasons for not making such effort." It is well settled that such demand need not be alleged if the facts pleaded show that such a demand would have been futile (*Reed* v. *Norman*, 152 Cal. App.2d 892, 898 [314 P.2d 204]). However, the conclusionary allegation "that further demand as stockholder would be futile" would not appear to meet the requirements of the statute. No sufficient facts are alleged with particularity, and appellant's reference to *Fairchild* v. *Bank of America*, 165 Cal.App.2d 477 [332 P.2d 101][2] is not helpful. (See *Toboni* v. *Pennington Millinery Co.*, 172 Cal.App.2d 47, 50 [341 P.2d 845]; *Hawes* v. *Contra Costa Water Co.*, supra, 104 U.S. p. 461; *Huntington* v. *Palmer*, 104 U.S. 482, 484 [26 L.Ed. 833, 834].)

Section 1060, Code of Civil Procedure, provides that "Any person . . . who desires a declaration of his rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises . . . ." Section 1061 provides that "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

██ *Monahan* v. *Department of Water & Power*, 48 Cal. App.2d 746, 750-751 [120 P.2d 730] : "Accordingly under the statute litigants are not vested with an absolute right to a determination of an actual controversy existing between them with respect to their rights and duties growing out of it.

[2]See footnote 1, *supra*.

Moreover, if the determination is refused they are not entitled to a review unless they show affirmatively that the court abused its discretion. [Citation.] . . . In that connection we may well observe that not only must the controversy be a justiciable controversy, as distinguished from 'a difference or dispute of a hypothetical or abstract character; from one that is academic or moot,' but it must be 'definite and concrete, touching the legal relations of the parties having adverse legal interests.' . . . In short, the controversy must be of a character which admits of specific and conclusive relief by judgment within the field of judicial determination, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, and not suggest, what the parties may or may not do.'' (See also *City of Alturas* v. *Gloster*, 16 Cal.2d 46, 48 [104 P.2d 810] ; *Merkley* v. *Merkley*, 12 Cal.2d 543, 547 [86 P.2d 89] ; *Caldwell* v. *Gem Packing Co.*, 52 Cal.App.2d 80, 83 [125 P.2d 901] ; *Willis* v. *Lauridson*, 161 Cal. 106 [118 P. 530] ; *Oppenheimer* v. *General Cable Corp.*, 143 Cal.App.2d 293, 297 [300 P.2d 151].)

 Upon the theory that declaratory relief cannot be denied merely upon the ground that the complaint shows plaintiff can recover nothing and judgment must be against him, courts have been reversed for denial of declaratory relief through sustaining of a demurrer without leave. Such cases are *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062], and *Columbia Pictures Corp.* v. *De Toth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747]. Concerning this matter we said, in *Haley* v. *Los Angeles County Flood Control Dist.*, 172 Cal.App.2d 285, 292 [342 P.2d 476] : ''In those cases reversals were had because the court had denied declaratory relief through sustaining a demurrer. But those opinions do not command reversal in all instances regardless of the fact picture drawn by the complaint. An exception to the general rule appears in *Davis* v. *City of Santa Ana*, 108 Cal.App.2d 669 [239 P.2d 656]. That was an action to prevent the performance of a contract for collection of city garbage and for declaratory relief. The attack upon the contract was that it was made without notice inviting bids and that it was not let to the lowest responsible bidder after notice, and hence it was illegal and void. Having determined that the court properly denied an injunction, the opinion at page 684 says : 'It is true that a complaint for declaratory relief is legally sufficient if it

sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court. (*Maguire* v. *Hibernia S. & L. Soc.*, *supra.*) However, the pleadings must set forth facts which show an actual controversy. Under the statement of facts here presented the only controversy claimed is whether the contract for the handling of garbage was void because bids were not called for, and whether the conditional agreement to sell the equipment was void because such sale was not made at public auction. These questions were fully presented by the pleadings and plaintiff has suffered an adverse ruling on these subjects. He is not prejudiced by the ruling of the trial court which, in effect, denies declaratory relief. No abuse of discretion appears in the action of the court in refusing to entertain such complaint. [Citing cases.]'

"In *Essick* v. *City of Los Angeles*, 34 Cal.2d 614, at page 624 [213 P.2d 492], the court held that the trial judge had erred in dismissing a declaratory relief complaint and, instead of reversing it, modified the judgment so as to declare that plaintiff was entitled to no relief.

"*Anderson* v. *Stansbury*, 38 Cal.2d 707 [242 P.2d 305], was an action for accounting, declaration of trust and declaratory relief, in which the court had granted a nonsuit. At page 717 it was held that this did not result in a miscarriage of justice within the constitutional provision. 'From what has been said, it appears that the trial court properly granted the nonsuit as to plaintiffs' alleged causes of action for an accounting and for a declaration of trust. However, plaintiffs' complaint also included a count for declaratory relief, and the disposition of such count would ordinarily require an express declaration of the rights of the parties. (*Essick* v. *City of Los Angeles*, 34 Cal.2d 614, 624 [213 P.2d 492] ; *Kessloff* v. *Pearson*, 37 Cal.2d 609, 613 [233 P.2d 899].) While the trial court therefore erred in entering a nonsuit rather than a declaratory judgment in disposition of the count for declaratory relief, such error cannot be deemed prejudicial here. Any declaration of the rights of the parties would necessarily have been unfavorable to plaintiffs in conformity with the disposition of the other two counts, which latter disposition constituted the equivalent of an express declaration that plaintiffs had failed to establish any rights. Under such circumstances, the procedural error of the trial court does not constitute ground for reversal of the judgment. (Const., art. VI, § 4½.)'

"Volume 15 California Jurisprudence 2d, section 25, page 145, makes this observation: 'It is of interest to note that, in affirming the denial of declaratory relief by the trial court, the opinion of the reviewing court sometimes discusses matters of substance with respect to which the declaration was sought, and in effect affords the plaintiff-appellant a declaration as to the law measuring his rights or duties.' This must be true. Our holding that plaintiff cannot recover upon the cause of action which he attempts to state becomes the law of the case. If the cause were reversed, plaintiff could not amend to eliminate the present allegations which show he has no cause of action at law or in equity. (*Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358] ; *Zakaessian* v. *Zakaessian*, 70 Cal.App.2d 721 [161 P.2d 677].) The superior court could do no more than enter judgment to that effect; in fact, this court, in the event of reversal, should so direct. It appears then that reversal would be an idle and fruitless act. The object of declaratory relief has been attained by the ruling herein. ■■ 'The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation.' (*Hannula* v. *Hacienda Homes, Inc.*, 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268].) Under such circumstances, section 4½ of article VI, commands an affirmance. (*Anderson* v. *Stansbury, supra*, 38 Cal.2d 707, 717 ; *Bisinger* v. *Sacramento Lodge No. 6*, 187 Cal. 578, 582-584 [203 P. 768].) ■■ 'Nor will a judgment be reversed where such reversal would be of no benefit to the appellant because the same judgment would have to be entered on trial.' (3 Am.Jur., § 1184, p. 691.)"

■■ The same considerations are applicable at bar. It is clear that the trial court properly concluded that the complaint does not allege the existence of a situation requiring declaratory relief.

Judgment affirmed.

Fox, P. J., concurred.