[Civ. No. 2242. Fourth Appellate District.—April 20, 1939.]

PERCY D. GASKILL et al., Respondents, v. WALTER J. WALLACE, Appellant.

Victor Ford Collins and Frederick W. Welsh for Appellant.

Harvey, Johnston & Baker for Respondents.

MARKS, J.—This is an action to recover an unpaid portion of the purchase price of property. Under an executory sales contract plaintiffs agreed to sell to defendant land in Kern County. Judgment was rendered for defendant. Plaintiffs' motion for new trial was granted "for the reason that the decision is against the law". Defendant has appealed from this order.

The sole defense interposed is that of *res judicata*. The trial judge found in favor of this defense and rendered judgment for defendant. The motion for new trial was heard and

granted by another judge. The sole question argued by counsel is whether the defense of *res judicata* was established and the judgment based upon it properly rendered. We will confine ourselves to that question.

Some time prior to July 1, 1931, plaintiffs entered into a parol contract with defendant for the sale of the Kern County land to him. This contract was reduced to writing on July 1, 1931. Among other things it provided that Wallace might employ Percy D. Gaskill to superintend the construction of a duck club and preserve on the property. A payment of $5,000 on the purchase price fell due on July 1, 1932.

Under date of July 25, 1932, plaintiffs notified defendant that he was in default under his contract and that unless he remedied such default within three days they would terminate the contract. Under date of July 29, 1932, they served notice of termination. Gaskill was then residing on the property and thereafter excluded Wallace therefrom.

In August, 1932, Wallace started suit against plaintiffs for an accounting and for possession of the land. He pleaded the contract of sale in detail. He alleged that he had employed Gaskill to superintend the construction of the duck club and preserve; that Gaskill went into possession of the property for him and as his agent proceeded to improve it; that he had paid Gaskill $16,050 on account of the purchase price and on account of the cost of the improvements; that he had expended an additional $5,725.49 on improvements and furnishings of the property; that Gaskill had failed to account for the $16,050 paid him by Wallace and that Wallace had no knowledge of how much of that sum had been applied on the purchase price.

The Gaskills filed an answer and cross-complaint in which they sought to quiet their title to the property. The trial court found that Wallace had paid Gaskill $17,387.75, out of which there was paid certain sums on the indebtedness created by the contract, and $807.92 on the instalment of principal falling due on July 1, 1932; that on that date there was $4,192.08, principal, and $698.72, accrued interest, due and unpaid from Wallace to the Gaskills.

On November 16, 1933, judgment was entered quieting the Gaskills' title to the property. The judgment is silent on the question of the indebtedness from Wallace to the Gaskills although the findings went into detail on this question and

would have supported a judgment in favor of the Gaskills for $4,192.08, principal, and $698.72, interest, under the peculiar terms of the contract of sale. No appeal was taken and that judgment has long since become final.

On September 11, 1934, plaintiffs instituted the present action to recover the $4,192.08, principal, and $698.72, accrued interest, found due them in the first action but for which they failed to recover judgment. Defendant pleaded the former judgment and relied on the defense of *res judicata*.

■ It is well settled in California that in an action for an accounting the trial court can strike a balance of the accounts between parties and give judgment for any balance found due from one party to the other. (*Smith* v. *Blodget,* 187 Cal. 235 [201 Pac. 584] ; *Murdock* v. *Clarke,* 88 Cal. 384 [26 Pac. 601] ; *Joshua Hendy Machine Works* v. *Pacific Cable Co.,* 99 Cal. 421 [33 Pac. 1084] ; *Rodehaver* v. *Mankel,* 16 Cal. App. (2d) 597 [61 Pac. (2d) 61].)

■ It is equally well settled that a judgment rendered in a court of competent jurisdiction is *res judicata* not only on all questions actually litigated and decided, but on all others that might have been litigated in the action. A party is not permitted to split his demands or defenses. In *Elm* v. *Sacramento Suburban Fruit Lands Co.,* 217 Cal. 223 [17 Pac. (2d) 1003], this rule was thus announced:

''To this situation is clearly applicable the well-established rule that ' . . . a judgment between the same parties is conclusive, not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided. . . . ' (*Bingham* v. *Kearney,* 136 Cal. 175, 177 [68 Pac. 597].) See, also, *Price* v. *Sixth District Assn.,* 201 Cal. 502, 511 [258 Pac. 387, 391], where the court, citing 15 Ruling Case Law, section 446, pages 969, 970, says: 'The judgment operates as *res judicata,* not only in regard to the existence of the plaintiff's cause of action, but as to the nonexistence of the defense which was not pleaded. . . . ' '' (See, also, *Estate of Bell,* 153 Cal. 331 [95 Pac. 372] ; *Henderson* v. *Miglietta,* 206 Cal. 125 [273 Pac. 581].)

■ Plaintiffs seek to escape the effect of those rules by pointing out that some time before the trial of the first case

they sought leave to file an amendment to their cross-complaint in which they proposed to incorporate a separate cause of action for the recovery of the $4,192.08, principal, and $698.72, interest, then due them. Counsel for Wallace resisted their motion to amend and the trial court denied it. They point to the rule that where one party is prevented by the other from having issues tried in an action the judgment in that action will not be a bar to another action involving those issues. (*Stockwell* v. *McAlvay,* 10 Cal. (2d) 368 [74 Pac. (2d) 504]; *United Bank & Trust Co.* v. *Hunt,* 1 Cal. (2d) 340 [34 Pac. (2d) 1001].)

■ Plaintiffs can draw no comfort or support from that salutary rule. The order denying leave to file the amended cross-complaint did not deprive the Gaskills of the right to try, in the first case, the issue of the amount due and unpaid them by Wallace. The findings in that case are particular on that question and show that the amount of that unpaid balance was not only litigated but was particularly found and determined. It was probably error not to give the Gaskills judgment for what was due them. As the first judgment was silent on that question it was the duty of the Gaskills to attack it on appeal if they were dissatisfied with it and desired at any time to reduce the debt to judgment. As they have had their day in court, and as they could have protected their rights in the former action, they are precluded from litigating the same issues in a second action.

■ Further, on the fragmentary record of the first case that is before us, we can see no error in the order denying the Gaskills the right to amend their cross-complaint. That pleading presented no issue not already before the trial court under the pleadings there on file. A trial judge should not encumber the record with repetitious pleadings.

The order granting the motion for new trial is reversed.

Barnard, P. J., and Griffin, J., concurred.