[L. A. No. 22152.   In Bank.   Mar. 7, 1952.]

KENNETH W. HALL et al., Respondents, v. WILLIAM COYLE et al., Defendants; CLYDE TRUSS, Appellant.

Raymond F. Feist and Henry F. Walker for Appellant.

Charles B. Provence and Brooks Crabtree for Respondents.

SHENK, J.—This is an appeal from a judgment based on the trial court's findings and conclusion that the plaintiffs were entitled to recover $7,000 as damages for the destruction of their house and its contents by fire due to the defendants' negligence.

The defendants operate as a limited partnership doing business under the name of Ramona Liquid Gas and Appliance Company. The business is that of selling butane gas in San Diego County for use as household fuel. It is alleged in the complaint that on October 28, 1947, the property of the plaintiffs was destroyed because of the negligence of an employee of the defendants in transferring butane gas to the containers of the plaintiffs. The defendants answered denying the alleged negligence and pleaded contributory negligence. As a special defense they contended that the property destroyed was community property; that theretofore on December 5, 1947, the plaintiff Kenneth W. Hall had filed a complaint against these defendants on behalf of the community wherein he "sought to recover from these defendants compensation for the loss alleged to have been suffered by the plaintiffs by reason of said fire; that said cause came regularly on for trial and that thereafter, on or about the 29th day of July, 1948, judgment was entered in said cause, adjudicating the merits thereof in favor of these defendants, and against the plaintiff, and that such judgment has become final and constitutes a bar to any and all proceedings in the instant cause."

The court in the present case found in favor of the plaintiffs on the issues of negligence, contributory negligence and proximate cause, and no question is raised as to the sufficiency of the evidence to support those findings. On the special defense the court found that the issues in the prior action were not involved or tried in the present action, and concluded that the judgment in the prior action did not constitute a bar to the present action. The controlling question now presented is whether the finding and conclusion on the plea in bar are supported by the record.

The record shows that on December 5, 1947, the plaintiff Kenneth W. Hall filed a complaint entitled "Complaint on Express Contract." It was alleged therein that the plaintiff's property was destroyed by the negligent conduct of the defendants; that the reasonable value of the property was $7,000; that in consideration of the damages and destruction of the plaintiff's property the defendants had of-

fered to pay to the plaintiff the sum of $4,000 in full satisfaction of the claim, which offer the plaintiff had accepted; and that demand had been made for the payment of that sum but that the defendants had failed and refused to pay the same. The prayer was for judgment in the sum of $4,000, interest, costs, and general relief. In their answer to that complaint the defendants denied the negligent destruction of the plaintiff's property and the existence of the alleged contract.

The prior cause proceeded to trial and evidence was introduced in support of the alleged settlement agreement. At the close of the plaintiff's case the defendants' counsel made a motion for nonsuit. The motion was granted. A transcript of the remarks of the trial judge and counsel at the time of the motion was received in evidence in the present action over the objections of the defendants. It indicates that at the time the motion for nonsuit was granted the defendants' counsel expressly stated that the action then before the court was one based on an alleged compromise agreement, which was the contract sued on; that the plaintiff had failed to establish the defendants' liability thereunder; that the oral agreement was an unexecuted accord assertedly undertaken by one partner assuming to bind the partnership and that the offer had been revoked. The court granted the motion on the theory that the action was brought and presented solely on the existence of a contract obligation and that the plaintiffs still had time within which to file an action on the tort liability. No appeal was taken from the judgment of nonsuit.

The defendant Clyde Truss (individually and doing business as Ramona Gas and Appliance Company) has appealed from the judgment in the present action. He contends that this action is barred by the judgment of nonsuit under the doctrine of res judicata and that the prior action represents a binding election of a particular remedy from among several available on the same facts. In addition he relies on section 581c of the Code of Civil Procedure. That section provides that if a motion for a nonsuit is granted, ''unless the court in its order for judgment of nonsuit otherwise specifies such judgment operates as an adjudication upon the merits.'' The order did not specify that it was without prejudice as to the merits.

The defendant insists that no evidence outside the

judgment roll in the first action should have been considered. In the *United Bank & Trust Co.* v. *Hunt,* 1 Cal.2d 340, 346 [34 P.2d 1001], it was stated: "It is also a general rule that either parol evidence or a reporter's transcript is admissible to show what matters provable under the issues of a case were or were not submitted to a jury as an aid in determining whether a judgment acts as a bar to another action. . . ." (See, also, *Olwell* v. *Hopkins,* 28 Cal.2d 147, 151 [168 P.2d 972].)

■ The basic premise of the defendant's position is his assumption that the same cause of action is involved in both proceedings. The required identity of causes of action is not established for the reason that in the first action the plaintiff sought to enforce an alleged obligation of the defendants to pay money in accordance with an agreement compromising the very claim here sued on. ■ Rights under an agreement compromising a claim are not dependent on the validity of the claim itself. (*Stub* v. *Belmont,* 20 Cal.2d 208, 217 [124 P.2d 826]; *Bennett* v. *Bennett,* 219 Cal. 153, 159 [25 P.2d 426].) A recovery in the first action would have barred the present suit—not because they both involved the same cause of action, but because under the alleged compromise agreement the plaintiffs would have surrendered their right to sue for damages.

■ Furthermore the defendant has, by virtue of his own conduct, waived any right to a claim that the first action involved more than a suit on the alleged contract. His attorney expressly stated in his motion for a nonsuit that the action was one upon an alleged contract and it is undisputed that both the trial judge and opposing counsel entertained a similar belief. The defendant may not at this time reverse his position and declare that the issue of negligence was also involved.

In *United Bank & Trust Co.* v. *Hunt, supra,* 1 Cal.2d at page 345, the plaintiff was held to have waived its right to raise the question of whether an earlier action was res judicata. In that action it had opposed a motion to include the causes of action set forth in the later case and had opposed a motion to try the two cases together. This court held that the course pursued by the trial court and by counsel in an earlier action was tantamount to an express determination on the part of the court with the consent of opposing counsel that certain issues should be reserved for future adjudication, and that the doctrine of res judicata did not apply.

(See, also, *Comer* v. *Associated Almond Growers,* 101 Cal.App. 687 [282 P. 532] ; 30 Am.Jur. § 207, p. 944; 50 C.J.S. § 597, p. 15; Rest. of Judg., § 62, at p. 257.)

Various cases cited by the defendant (e.g. *Estate of Keet,* 15 Cal.2d 328 [100 P.2d 1045] ; *Ernsting* v. *United Stages, Inc.,* 206 Cal. 733 [276 P. 103] ; *Henderson* v. *Miglietta,* 206 Cal. 125 [273 P. 581] ; *Gaskill* v. *Wallace,* 32 Cal.App.2d 354 [89 P.2d 687]), involving the effect of the res judicata doctrine and the admission of the evidence outside the judgment roll of the earlier action are not in point. No waiver of a right to rely on the prior judgment was shown by the comments of court and counsel as is true in this case. The defendant's argument that he did nothing to prevent proof of negligence in the earlier action ignores the fact that he secured a judgment in that action on the basis of a representation that a contractual liability only was involved.

The findings and conclusions of the trial court are supported by the record.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.