[Civ. No. 47409. Second Dist., Div. Two. July 14, 1976.]

HYUNG BAI PARK et al., Plaintiffs and Appellants, v.
STANDARD CHEM WAY COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Styskal, Wiese & Melchione and Robert A. Clinco for Plaintiffs and Appellants.

Gilliland, Koelsche, Roberson & Moser and James L. Moser for Defendants and Respondents.

**OPINION**

**ROTH, P. J.**—Myung Sook Park, appellant, and her husband, Hyung Bai Park, complained against Standard Chem Way Company (Standard Chem), Morris Patch dba Paygold Plumbing Company, and respondent Curb Hardware & Supply Company, who were alleged to be the manufacturer, distributor and seller, respectively, of a defective product that caused injury to Hyung Bai Park.

Hyung alleged he had purchased a one-quart container of "Clear All Positive Drainer Opener," manufactured by Standard Chem and retailed by Curb Hardware. A warning was clearly embedded on the container that the substance contained sulphuric acid and was poisonous and that no water should be added to the substance or a violent reaction would

occur. Hyung alleged also that there was no warning that violent reactions could occur under other circumstances nor was there adequate warning " . . . that use of this chemical will result in an explosive reaction which can cause severe burns when used as directed." Hyung used the product in the manner indicated by the directions but immediately upon use the substance exploded causing severe burns on his arms, torso, and legs.

In pertinent part Myung alleged in the 15th cause of action that prior to the explosion Hyung had been in good physical condition and unscarred in appearance. She returned from work about two and one-half hours after the explosion and found Hyung permanantly scarred on his arms, torso, and legs and continues as follows:

> "7. As a result of hearing of the accident from her husband, and seeing both the bandages and the burns, plaintiff suffered severe emotional shock, distress, anxiety, nausea, and was rendered sick of mind and body and unable to sleep.

> "8. Plaintiff, MYUNG SOOK PARK, has suffered, from the date of the explosion to the present date, extreme embarrassment and humiliation, and has been and continues to be continually emotionally distressed by the appearance of her husband when he engages in any activity requiring the removal of his shirt, such as going to the beach, any water sport activity, and most other leisure time activities.

> "9. Plaintiff's physical and marital relationship with her husband has been altered by the existence of the burns and scars which he has suffered.

> "10. Plaintiff, MYUNG SOOK PARK, has been and continues to be caused great mental and emotional pain and suffering, due to the injury to her husband, all of which has caused a partial loss of consortium in that his disfiguring scars cause her grief, humiliation, and embarrassment."

Curb Hardware & Supply Company (respondent) demurred to appellant's 15th cause of action in the second amended complaint which alleges mental and emotional pain and suffering and loss of consortium as a consequence of the injuries sustained by her husband, Hyung. The demurrer was sustained. Myung elected not to amend. This appeal is

from the judgment of dismissal of Myung's cause of action against Curb. The two other defendants are not involved.

■ Appellant's cause of action against Curb appears to be grounded first on the doctrine enunciated by *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], which permits a close relative of the victim of an accident caused by the negligence of a third person who is present or in the zone of danger at the time to recover against the negligent party for mental and emotional pain and suffering by the relative. And secondly on the doctrine of loss of consortium recently enunciated in California in *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669].

*Dillon* v. *Legg, supra,* does not apply for the following reasons. The complaint is based on strict liability, warranty, and negligence of Standard Chem Way Company, the manufacturer. Curb is joined as a retailer of the product involved. Nothing in the complaint suggests any negligence on the part. of Curb and appellant was not in the zone of danger at the time of the accident.

The complaint appears to state a cause of action against Standard Chem on behalf of Hyung's products liability. (*Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].) Although it is settled that a retailer may be joined in an action predicated upon products liability (*Vandermark* v. *Ford Motor Co.* (1964) 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168]), Myung does not state a cause of action predicated upon loss of consortium against Curb because it is clear that appellant's allegations of mental and emotional pain and suffering, and "a partial loss of consortium" are not valid as a cause under *Dillon* v. *Legg, supra,* and do not properly plead loss of consortium under *Rodriguez. Rodriguez* defines consortium at page 405 as including loss of support, comfort, protection, society and pleasure.

Although *Rodriguez* discussed *Dillon* v. *Legg, supra, Rodriguez* does not stand for the principle that the injury to and the pain and suffering of a negligently injured spouse creates a cause of action for loss of consortium in the other spouse. An allegation of "partial loss of consortium" is not equivalent to the bromide "a little bit pregnant." The latter connotes complete pregnancy, the former is vague and indefinite. We think that loss of consortium as defined above means a complete loss of consortium for a definite period of time or a nondeterminable length of time and is not to be confused with the inevitable physical, mental,

and emotional damage normally or usually suffered by one spouse when the other has been wrongfully injured.

In our opinion the complaint does not plead loss of consortium. The ruling before us did not sustain without leave. Appellant elected to stand on her complaint and she is bound by its allegations.

The judgment is affirmed.

Fleming, J., concurred.

**COMPTON, J.**—I concur in the majority conclusion that plaintiffs failed to plead a loss of consortium.

I would go one step further and hold that loss of consortium is not compensable in an action based on a manufacturer's or retailer's strict liability. The history and rationale of strict product liability in California deals with compensation for personal injuries. It is premised on the social policy that physical injury should be compensated for by persons who are engaged in a producing and marketing enterprise. (*Vandermark v. Ford Motor Co.,* 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168].)

In *Seely* v. *White Motor Co.,* 63 Cal.2d 9, at page 17 [45 Cal.Rptr. 17, 403 P.2d 145], it was held that a manufacturer could not be held strictly liable in tort for commercial loss suffered by the plaintiff for the reason that "[t]he manufacturer would be liable for damages of unknown and unlimited scope."

For that same reason I would refuse to extend liability to cover such an incidental loss as that of consortium.