[Civ. No. 69981. Second Dist., Div. Four. Feb. 1, 1984.]

HARRY CARLSON, Plaintiff, Cross-defendant and Respondent, v. ARNOLD WALD et al., Defendants, Cross-complainants and Appellants.

**COUNSEL**

Quan, Cohen, Kurahashi, Hsieh & Scholtz and Arthur D. Cohen for Defendants, Cross-complainants and Appellants.

Pettit & Martin, Thomas P. Burke and Gerald A. Griffin for Plaintiff, Cross-defendant and Respondent.

## Opinion

**SAETA, J.**\*—This appeal arises from a fight between two coworkers, Harry Carlson and Arnold Wald. In this action, Carlson sued Wald for assault and battery and Wald cross-complained in kind. Mrs. Wald sued Carlson in a separate lawsuit, now consolidated with her husband's action, for loss of consortium resulting from the same fight. The Walds appeal from the trial court's summary judgments adjudicating that there was no merit in Wald's cross-complaint or Mrs. Wald's complaint. The summary judgments were grounded on Carlson's arguments that the Walds were bound under res judicata by a prior workers' compensation judgment and, as to Mrs. Wald only, that she suffered, at best, a noncompensable *partial* loss of consortium. Both bases are incorrect and we reverse.

### Res Judicata

The fight took place at work on March 10, 1977. On November 7, 1977, Wald filed an application for adjudication of claim with the Workers' Compensation Appeals Board (WCAB), claiming that his supervisor, Carlson, had assaulted him. The workers' compensation judge denied the claim on the basis that Wald was the "initial physical aggressor." That ruling has, after several petitions for review by Wald proved unavailing, become final. Carlson asserts that this ruling bars both Walds here.

■ Final decisions of the WCAB may be res judicata in later civil proceedings. (*French* v. *Rishell* (1953) 40 Cal.2d 477, 480 [254 P.2d 26].) In that case, the Supreme Court decided that the identical issue was involved in a workers' compensation proceeding and a later pension proceeding, i.e., whether the worker's death arose due to the performance of his duties. However, the circumstance that the fight in our case arose at the workplace does not, of itself, bar a civil action between the coworkers. (*Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219, 225 [191 Cal.Rptr. 696].)

Res judicata does not apply if the claims in the two proceedings differ. (*Hall* v. *Coyle* (1952) 38 Cal.2d 543, 546 [241 P.2d 236].) In that case there was no bar to a negligence lawsuit even though there was a prior final

---

*Assigned by the Chairperson of the Judicial Council.

judgment, arising out of the same underlying facts, but based on an agreement to settle the action. This principle has been applied to two analogous workers' compensation/civil suit situations. In *Addington* v. *Industrial Indem. Co.* (1972) 24 Cal.App.3d 802, 809-810 [101 Cal.Rptr. 277], a WCAB determination that a class action suit for unpaid interest that was not proper did not foreclose a civil suit for that interest. The issues presented to the two tribunals were different. Similarly, in *De Court* v. *Beckman Instruments, Inc.* (1973) 32 Cal.App.3d 628, 635 [108 Cal.Rptr. 109], a WCAB decision giving a widow death benefits did not bar a Jones Act proceeding in state court. The WCAB only needed to determine that the decedent was an employee. In the Jones Act proceeding, the issues were whether the decedent was a "seaman" on a "vessel" and whether the defendant owned the vessel. The court states that not only does merger not apply as to these issues, neither does collateral estoppel. (*Id.,* at p. 635.)

Defendant here relies on *Matthews* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 719, 728-729 [100 Cal.Rptr. 301, 493 P.2d 1165]. That case explains the scope of the inquiry made in the workers' compensation proceeding in our case. Under Labor Code section 3600, subdivision (g), [now § 3600, subd. (a)(7)] benefits are denied to an employee who is the "initial physical aggressor." The court was called upon to analyze what acts constituted such aggression, and did so without regard to analogous concepts in the criminal law of assault and battery. (*Id.,* at p. 727, fn. 4.) Irrelevant to that determination were "[l]ater acts of [the employee's] opponent which unjustifiably increase the level of violence . . . ." (*Id.,* at p. 728.) ■   Thus, the issue before the WCAB is narrow and tailored not to the law of assault and battery, but to the code words, "initial physical aggressor."

Civil Code section 50 allows one to resist an aggressor by the use of self-defense to the extent of "necessary force." But self-defense is an affirmative defense that must be proved, in this case by Carlson. "A person [Wald here] who sues for a personal injury at the hands of another is not bound to prove, in the first instance, that he was not the aggressor and that the defendant did not act in self-defense. He must prove the assault and the injury, if they are denied. . . . But the burden of proof to establish the self-defense remains with the defendant, . . ." (*Marriott* v. *Williams* (1908) 152 Cal. 705, 710-711 [93 P. 875].)

In our case, the WCAB only determined that Wald was the initial aggressor in his fight with Carlson and not that Carlson's acts were or were not reasonable in light of Wald's attack. Mr. and Mrs. Wald are bound by that adjudication of aggression but are free, on trial, to force Carlson to his

proof that his response was reasonable and did not exceed the scope of self-defense.

## Loss of Consortium

In her complaint, Mrs. Wald alleges that the injuries inflicted upon her husband by defendant deprived her of "the love, companionship, affection, comfort, conjugal society, sexual relations, solace and physical assistance in operating and maintaining the family home." In supporting his motion for summary judgment, Carlson presented selections from Mrs. Wald's deposition, and relies on *Park* v. *Standard Chem Way Co.* (1976) 60 Cal.App.3d 47 [131 Cal.Rptr. 338]. The court in *Park* says: "An allegation of 'partial loss of consortium' is not equivalent to the bromide 'a little bit pregnant.' The latter connotes complete pregnancy, the former is vague and indefinite. We think that loss of consortium as defined above means a complete loss of consortium for a definite period of time or a nondeterminable length of time and is not to be confused with the inevitable physical, mental, and emotional damage normally or usually suffered by one spouse when the other has been wrongfully injured." (*Id.,* at pp. 50-51.) This colorful language is dicta, unsupported by the seminal case of *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669], and not followed subsequently by any California court.

It is dicta because the issue in *Park* was the sufficiency of Mrs. Park's pleading of her loss. She complained of her grief, distress, humiliation, and embarrassment from her husband's scars. ■ Such elements are not found in the formulations of consortium found in *Rodriguez*. *Rodriguez* defines consortium as including "'. . . love, companionship, affection, society, sexual relations, solace and more.'" (*Id.,* at p. 405.) Also "conjugal fellowship" (*id.,* at p. 385); "comfort" (*id.,* at p. 405); "moral support" (*ibid.*); and "deprivation of a husband's physical assistance in operating and maintaining the family home" (*id.,* at p. 409, fn. 31). Mrs. Park did not plead any of these varied Supreme Court definitions of consortium.

*Rodriguez* never mentions the concept of a complete loss of consortium. To the contrary, the opinion speaks of "loss or *impairment* of her rights of consortium." (Italics added.) (*Rodriguez* v. *Bethlehem Steel Corp., supra,* 12 Cal.3d at p. 409.) ■ This dichotomy suggests that a diminution of a wife's rights are compensable, and we so hold.

Turning to the facts of this case, defendant used Mrs. Wald's deposition to show no elements of compensable loss. He points to continued sexual relations and continued interest of Mr. Wald in their child. But the deposition goes much further. Mrs. Wald complains that sexual relations dimin-

ished from a frequency of once a day to once a month due to his condition and medication for his injuries. But sexual relations are only part of the consortium story. (*Rodriguez* v. *Bethlehem Steel Corp.*, *supra*, 12 Cal.3d at p. 405.) She also testified to the reduction in Mr. Wald's helping around the house and cooking and being required, as Mrs. Rodriguez was, to dispense medicines and encourage Mr. Wald to eat.

Additionally, there no longer is any discussion of future plans between them, an element of conjugal fellowship and moral support. No inquiry was made directly of her concerning love, companionship, affection, society, or solace. But the deposition testimony recited presents a factual issue of their loss as such elements can be inferred from the testimony given. In sum, the facts presented by the defendant show a triable issue of the extent of Mrs. Wald's loss of consortium. It is for a trier of fact to determine the reasonable compensation for that loss.

The judgments are reversed. Appellants to recover their costs of appeal.

Woods, P. J., and McClosky, J., concurred.