Filed 11/30/20  P. v. Tolbert CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B298372 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA097555) |
| v. | |
| WILLIE L. TOLBERT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed in part and remanded.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior

Assistant Attorney General, Steve Oetting, Supervising Deputy Attorney General, Paige B. Hazard, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Willie L. Tolbert appeals from a judgment after a jury trial, in which he was convicted of first degree burglary and found to have suffered a prior felony conviction in Texas for first degree arson, and a court trial, in which the Texas conviction was found to be a prior serious felony conviction. Defendant contends: (1) his trial counsel rendered ineffective assistance by failing to object to documents outside the record of conviction in his Texas case; (2) there is no substantial evidence that his arson conviction in Texas constituted a serious felony under California law, because the record of conviction does not show the crime involved great bodily injury, arson, or exploding a destructive device or an explosive; (3) the trial court erred by failing to strike his prior serious felony conviction; and (4) the trial court should have held a hearing on his ability to pay restitution and fees assessed. We conclude there is insufficient evidence to establish defendant's Texas conviction contained all of the elements of a serious felony under Penal Code section 1192.7, subdivision (c),[1] and therefore, we must remand for retrial of whether defendant was subject to a serious-felony sentence enhancement (§ 667,

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

subd. (a)) or eligible to be sentenced under the three strikes law (§§ 667, subds. (b)–(i), 1170.12).  Accordingly, we reverse the judgment in part.

## FACTUAL AND PROCEDURAL BACKGROUND

### Burglary

Around midnight on January 18, 2018, defendant entered the home of 92-year-old Claire Jeffrey while she was present.  He took Jeffrey's driver's license, AARP card, library card, and cash, before climbing out a bathroom window.  A police officer detained him on the sidewalk about 100 feet from the home and found the items in the front pocket of his pants.

### Information and Trial

Defendant was charged by amended information with first degree burglary of an inhabited dwelling (§ 459).  The amended information alleged the crime was a serious felony (§ 1192.7, subd. (c)) and a violent felony, in that another person, other than an accomplice, was present during the burglary (§ 667.5, subd. (c)).  The information further alleged that defendant suffered a conviction in Texas for arson in 2007, which qualified as a prior serious felony (§ 667, subd. (a)(1)) and a strike (§§ 667, subds. (b)–(j), 1170.12).

After a trial, the jury found defendant guilty of first degree burglary and the jury found true that another person was present during the offense. Before the next phase of the trial to determine whether defendant had a prior conviction, defense counsel asked, "My understanding is that the -- whether or not this would qualify as a strike prior under the current California law is a question of law that is to be decided by the court, and usually that decision would decide whether or not we would even get to the step of even having the jury decide the question of whether or not the strike prior is actually that of Mr. Tolbert. [¶] My position is that this does not qualify under the California three strikes law, that the least adjudicated element does not meet the requirement to rise to the level of a strike in California. So if the court were to decide that, in fact, it did not meet the level to be a strike in California, then this wouldn't even go to the jury." The trial court stated that the court would decide whether the conviction constituted a strike at the time of sentencing, but the jury would determine whether the defendant had the conviction. In the bifurcated proceeding, the jury found true that defendant was previously convicted in 2007 in Texas for first degree felony arson.

**<u>Sentencing</u>**

The prosecution argued in a sentencing memorandum that defendant's Texas conviction for first degree felony arson constituted a "serious felony" under section 1192.7,

4

subdivision (c)(8), which applies to felonies in which the defendant inflicts great bodily injury on any person, and section 1192.7, subdivision (c)(14), which applies to arson. The memorandum explained the definition of "arson" for purposes of Texas Penal Code section 28.02 applied if the person started a fire or caused an explosion with intent to destroy or damage enumerated types of property. Furthermore, under Texas law, the offense was considered to be a felony of the first degree if bodily injury or death was suffered by any person as a result of the commission of the offense. The prosecution asserted that the record of conviction included the judgment and the defendant's rap sheet, which showed defendant was convicted of first degree felony arson causing bodily injury or death.[2]

Defendant filed a sentencing memorandum and motion to strike the prior serious felony conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The memorandum argued the merits of dismissing a strike under *Romero*, but did not mention the Texas conviction or whether it constituted a serious felony under California law.

A sentencing hearing was held on May 8, 2019. The trial court noted that the defendant's sentencing memorandum did not address whether the prior conviction qualified as a serious felony. Defense counsel responded, "I was remiss because I was -- since we were -- since I had

---

[2] The sentencing memorandum referred to the "complaint" in the Texas conviction, but the parties agree on appeal that the text referred to the judgment.

remembered that we had done the jury trial I did not even remember that the issue of whether or not it would qualify as a strike would be on for today, so I did not. That wasn't on my radar." She later stated, "Your Honor, when I did try and see if I could find the elements for arson for Texas, and tried to do a comparison to California[,] I was not able to find any definitive statute with respect to the arson, but from my reading of it[,] it appears as though it looks more like a reckless burning than an arson. [¶] So I would argue that it does not qualify as a strike under California law, but I was not able to find any authority just based on what -- just the reading of the complaint." The trial court noted that the prosecution had cited the applicable Texas Penal Code section defining arson in her sentencing memorandum. Defense counsel stated that she could not agree with any representations made about Texas law, because she was not familiar with Texas law.

The trial court found defendant's prior conviction was a serious felony and a strike. The court denied defendant's motion to strike the prior serious felony conviction under *Romero*. Defense counsel discussed that defendant suffered from early Parkinson's disease. The court weighed the factors in aggravation against the factors in mitigation. The only mitigating factor was defendant's prior history of mental illness, but the trial court noted that he was found to be competent. The factors in aggravation were that the victim was clearly elderly and vulnerable, the crime involved some level of planning and sophistication, and defendant's

6

priors were numerous and increasing in seriousness. The factors in aggravation far outweighed the factors in mitigation. The trial court sentenced defendant to an aggregate term of 17 years in prison, which consisted of the upper term of six years for burglary, doubled to 12 years as a result of the strike, plus five years for the prior serious felony.

In addition, the trial court ordered a restitution fine of $300, criminal conviction assessment of $30, and a court operations assessment of $40, and noted they could be taken from his prison wages, if any. Defense counsel argued that due to defendant's age and his Parkinson's condition, he might not be eligible for a job that would earn the money necessary. She asked that the court delete the fines and fees, but did not request a separate hearing on defendant's ability to pay to fines and fees imposed. The trial court stated, "I'm not going to, because he's got [a lot] of years to pay them. If he has any money, and if he's earning any money, they can address that. If he's not, then obviously they won't be taking it from him."

Appellant filed a timely notice of appeal.

**DISCUSSION**

**Texas Conviction**

On appeal, the Attorney General concedes that section 1192.7, subdivision (c)(8),[3] one of the sections relied on in the sentencing memorandum, does not apply in this case. In addition, the Attorney General concedes that the Texas conviction cannot constitute a serious felony under the other section cited by the prosecution at the time of sentencing, section 1192.7, subdivision (c)(14) [covering "arson"], standing alone. Instead, in the respondent's brief on appeal, the People contend for the first time that the Texas conviction qualifies as a serious felony under section 1192.7, subdivision (c)(14) and (c)(16),[4] collectively, because the elements of the Texas law necessarily satisfied one or the other of these two California subsections. Specifically, the Attorney General contends that defendant's conviction for first degree arson under Texas law was either for starting a fire or causing an explosion with intent to destroy or damage, thereby satisfying the elements either of section

---

[3] Section 1192.7, subdivision (c)(8) provides, "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm."

[4] Section 1192.7, subdivision (c)(16) provides, "exploding a destructive device or any explosive causing bodily injury, great bodily injury, or mayhem."

1192.7, subdivision (c)(14), for setting fire to or causing the burning of a structure, forest land, or property, or section 1192.7, subdivision (c)(16), for exploding a destructive device or any explosive causing bodily injury.  Therefore, the Attorney General reasons, the Texas conviction qualified as a serious felony under section 1192.7, subdivision (c)(14) and (c)(16), when read together.  Defendant contends in his reply brief, however, that a person may be guilty of first degree arson under Texas law for causing an explosion, other than from an explosive device, and therefore, the conviction does not qualify as a serious felony under California law.  We agree with defendant.

## A.  Procedure for Determination of Serious Felony

"For criminal sentencing purposes in this state, the term 'serious felony' is a term of art.  Severe consequences can follow if a criminal offender, presently convicted of a felony, is found to have suffered a prior conviction for a serious felony.  If the present conviction is also for a serious felony, the offender is subject to a five-year enhancement term to be served consecutively to the regular sentence. (§ 667, subd. (a).)  Even if an offender's present conviction is not for a serious felony, a prior conviction for a serious felony renders the offender subject to the more severe sentencing provisions of the three strikes law.  (§§ 667, subds.(b)–(i),

1170.12.)" (*People v. Warner* (2006) 39 Cal.4th 548, 552 (*Warner*).)

Whether a crime constitutes a serious felony is determined by reference to section 1192, subdivision (c), which enumerates qualifying crimes. (*Warner*, *supra*, 39 Cal.4th at p. 552.) "Under our sentencing laws, foreign convictions may qualify as serious felonies, with all the attendant consequences for sentencing, if they satisfy certain conditions. For a prior felony conviction from another jurisdiction to support a serious-felony sentence enhancement, the out-of-state crime must 'include[] all of the elements of any serious felony' in California. (§ 667, subd. (a)(1).) For an out-of-state conviction to render a criminal offender eligible for sentencing under the three strikes law (§§ 667, subds. (b)–(i), 1170.12), the foreign crime (1) must be such that, 'if committed in California, [it would be] punishable by imprisonment in the state prison' (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2)), and (2) must 'include[] all of the elements of the particular felony as defined in' section 1192.7(c) (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2))." (*Warner*, *supra*, 39 Cal.4th at pp. 552–553, fn. omitted.) We next consider whether defendant's prior conviction in Texas qualifies as a "serious felony" under California law.

## B.  Elements of Texas Conviction

At the time of defendant's 2007 offense and conviction, Texas Penal Code section 28.02, subsection (a), defined arson

as relevant here as follows: "A person commits an offense if the person starts a fire, regardless of whether the fire continues after ignition, or causes an explosion with intent to destroy or damage: [¶] (1) any vegetation, fence, or structure on open-space land; or [¶] (2) any building, habitation, or vehicle [knowing it is within an incorporated city or town, insured, subject to a security interest, located on property that belongs to another or contains property belonging to another, or the person is reckless about whether the burning or explosion will endanger a life or the property of another]." (Tex. Pen. Code, § 28.02(a).)[5]

An offense under subsection (a) of Texas Penal Code section 28.02 is a felony of the second degree, "except that the offense is a felony of the first degree if it is shown on the trial of the offense that: [¶] (1) bodily injury or death was suffered by any person by reason of the commission of the offense; or [¶] (2) the property intended to be damaged or destroyed by the actor was a habitation or a place of assembly or worship." (Tex. Pen. Code, § 28.02(d).)

## C. Section 1192.7, Subdivisions (c)(14) and (c)(16)

The Attorney General contends defendant's Texas conviction for first degree arson qualified as a felony under section 1192.7, subdivisions (c)(14) and (c)(16), which state

---

[5] All citations to Texas Penal Code section 28.02 in this opinion refer to the version of that statute effective from September 1, 2005, to August 31, 2009.

11

the following crimes are serious felonies:  "(14) arson; . . . (16) exploding a destructive device or any explosive causing bodily injury, great bodily injury, or mayhem."  (§ 1192.7.)

Arson is defined in section 451 as follows:  "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property."  (§ 451.)

An "explosive," as defined in both Health and Safety Code section 12000 and Penal Code section 16510, is "any substance, or combination of substances, the primary or common purpose of which is detonation or rapid combustion, and which is capable of a relatively instantaneous or rapid release of gas and heat, or any substance, the primary purpose of which, when combined with others, is to form a substance capable of a relatively instantaneous or rapid release of gas and heat."  (Health & Saf. Code, § 12000; see *People v. Clark* (1990) 50 Cal.3d 583, 602 (*Clark*) [definition of "explosive" in Health and Safety Code section 12000 applied to section 190.2 in absence of specific definition].)[6]

---

[6] Health and Safety Code section 12000 and Penal Code section 16510 contain the same extensive list of substances that qualify as explosives:  "'Explosives' includes, but is not limited to, any explosives as defined in Section 841 of Title 18 of the United States Code and published pursuant to Section 555.23 of Title 27 of the Code of Federal Regulations, and any of the following:  [¶]  (a) Dynamite, nitroglycerine, picric acid, lead azide, fulminate of mercury, black powder, smokeless powder, propellant explosives,

The California Supreme Court noted expert witnesses in *Clark* agreed "explosions are not all caused by 'explosives' as that term is understood in the scientific community and used in the relevant statutes. Not every substance or object that is capable of exploding is an 'explosive.' The expert testimony in this case established that neither gasoline nor gasoline vapor is an explosive." (*Clark*, *supra*, 50 Cal.3d at pp. 599–600, fn. omitted.) "When the combination of air and vapor ignites, a relatively instantaneous 'flash burn occurs,' a sudden oxidation or burning of the flammable gasoline vapor. That flash burn stops as soon as the flammable mixture is consumed, and does not cause any further fire unless other combustible material is ignited during this process." (*Id.* at p. 600.) "Whether a flash burn, such as that occurring when a combination of gasoline vapor and air is

detonating primers, blasting caps, or commercial boosters. [¶] (b) Substances determined to be division 1.1, 1.2, 1.3, or 1.6 explosives as classified by the United States Department of Transportation. [¶] (c) Nitro carbo nitrate substances (blasting agent) classified as division 1.5 explosives by the United States Department of Transportation. [¶] (d) Any material designated as an explosive by the State Fire Marshal. . . . [¶] (e) Certain division 1.4 explosives as designated by the United States Department of Transportation when listed in regulations adopted by the State Fire Marshal. [¶] (f) For the purposes of this part, 'explosives' does not include any destructive device, . . . nor does it include ammunition or small arms primers manufactured for use in shotguns, rifles, and pistols." (Health & Saf. Code, § 12000; Pen. Code, § 16510.)

ignited, will cause this type of explosion depends primarily on (1) the amount of flammable vapor-air mixture present at the moment of ignition, and (2) the size of the container." (*Ibid.*)

"The source of a 'concentrated' explosion, one caused by a true explosive, is typically a small quantity of an explosive solid material such as a stick of dynamite. A concentrated explosion is self-contained—independent of ambient conditions, and not dependent on a supply of oxygen. When detonated the explosive material undergoes a chemical reaction that abruptly generates a large quantity of gas, mainly nitrogen, that was not present before the detonation. . . . [¶] By contrast, an explosion caused by a flash burn of gasoline vapor and air is 'diffuse.' Its source is not a single piece of explosive solid material, but the entire flammable mixture of gases in the air. Such an explosion is entirely dependent on the ambient conditions." (*Clark, supra,* 50 Cal.3d at pp. 600–601.)

"Other exploding substances or objects that are not deemed 'explosives' have received judicial attention in *Gordon v. Aztec Brewing Co.* (1949) 33 Cal.2d 514 (beer); *Zentz v. Coca Cola Bottling Co.* (1952) 39 Cal.2d 436 (Coca-Cola); *Myers v. Industrial Acc. Comm.* (1923) 191 Cal. 673 (sherry); *Saporito v. Purex Corp., Ltd.* (1953) 40 Cal.2d 608 (bleach); *Park v. Standard Chem Way Co.* (1976) 60 Cal.App.3d 47 (cleanser); *Woolen v. Aerojet General Corp.* (1962) 57 Cal.2d 407 (paint); *Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour M. Co.* (10th Cir. 1958) 257 F.2d 93

14

(dust); *Dalehite v. United States* (1953) 346 U.S. 15 (fertilizer); *Kotiadis v. Gristede Bros., Inc.* (1964) 20 A.D.2d 689 (grapefruit sections); *Shields v. County of San Diego* (1984) 155 Cal.App.3d 103 (tuna waste); *Van Zee v. Bayview Hardware Store* (1968) 268 Cal.App.2d 351 (aerosol can)." (*Clark*, *supra*, 50 Cal.3d at p. 600, fn. 6.)[7]

---

[7] We note that a "destructive device," as defined in Penal Code section 16460, subdivision (a), includes any of the following weapons: "(1) Any projectile containing any explosive or incendiary material or any other chemical substance, including, but not limited to, that which is commonly known as tracer or incendiary ammunition, except tracer ammunition manufactured for use in shotguns. [¶] (2) Any bomb, grenade, explosive missile, or similar device or any launching device therefor. [¶] (3) Any weapon of a caliber greater than 0.60 caliber which fires fixed ammunition, or any ammunition therefor, other than a shotgun (smooth or rifled bore) conforming to the definition of a 'destructive device' found in subsection (b) of Section 479.11 of Title 27 of the Code of Federal Regulations, shotgun ammunition (single projectile or shot), antique rifle, or an antique cannon. [¶] (4) Any rocket, rocket-propelled projectile, or similar device of a diameter greater than 0.60 inch, or any launching device therefor, and any rocket, rocket-propelled projectile, or similar device containing any explosive or incendiary material or any other chemical substance, other than the propellant for that device, except those devices as are designed primarily for emergency or distress signaling purposes. [¶] (5) Any breakable container that contains a flammable liquid with a flashpoint of 150 degrees Fahrenheit or less and has a wick or similar device capable of being ignited, other than a device which is

## D. Analysis

We conclude that the elements of the Texas offense are broader than the elements of the California law relied on by the Attorney General.  It is realistically possible for defendant to have caused an explosion under Texas law without starting a fire or exploding an explosive, as defined under California law.  Therefore, the Texas conviction could have been based on conduct that would not constitute a serious felony under California law.

For example, in *Wheeler v. State* (Tex.Ct.App. 2000) 35 S.W.3d 126, a defendant argued there was no substantial evidence to support the finding that he caused an explosion. The Texas appellate court noted that under Texas case law, there is no fixed definition of the term "explosion"; it is construed in its popular sense.  "In *United States v. Ryan,* 153 F.3d 708 (8th Cir.1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1454, 143 L.Ed.2d 541 (1999), the court stated that '[a] *flashover* occurs when a fire in an area produces sufficient heat to *explosively* ignite all of the combustible material within the area.'  *Id.* at 710 (emphasis added).  We find that

commercially manufactured primarily for the purpose of illumination.  [¶]  (6) Any sealed device containing dry ice ($CO_2$) or other chemically reactive substances assembled for the purpose of causing an explosion by a chemical reaction." (Pen. Code, § 16460, subd. (a).)  "A bullet containing or carrying an explosive agent is not a destructive device as that term is used in subdivision (a)."  (Pen. Code, § 16460, subd. (b).)

the jury, applying the common and ordinary meaning of an undefined word, could have reasonably found that an 'explosion' occurred." (*Wheeler v. State* (Tex.Ct.App. 2000) 35 S.W.3d 126, 134.)

The Texas appellate court examined the definition of "explosion" in the context of an insurance claim in *Millers Mutual Fire Insurance Co. v. Schwartz* (Tex.Ct.App. 1958) 312 S.W.2d 313, 314 (*Miller*). In *Miller*, the trial court found a hose disconnected from a pipe as the result of an explosion, resulting in water flooding a store. The appellate court found that a boiler or pipe bursting was commonly considered to be an explosion and had to be read into the policy.

In this case, defendant's Texas conviction could have been based on conduct that caused an explosion but does not qualify as arson or exploding a destructive device or explosive under California law. For example, if a person uses an oxygen tank for target practice with a small caliber pistol, the pressurized oxygen tank can explode from the impact, spraying shrapnel that endangers the life or property of another, without causing any fire. Causing an explosion in this way could violate the Texas arson statute. This conduct would not constitute arson under California law, however, because no fire was set, and neither the oxygen tank, nor the small caliber pistol would be considered an explosive or destructive device under the California statute.

17

We must remand the matter for retrial and resentencing, to permit the People to demonstrate based on the record of conviction that defendant's guilty plea encompassed an admission about the nature of his crime. (See *People v. Barragan* (2004) 32 Cal.4th 236, 241 [the reversal of a true finding on a prior conviction for insufficient evidence does not forestall a retrial on that enhancement].)  In light of this ruling, we need not further address defendant's contentions regarding sentencing. When a case is remanded for resentencing, the trial court is entitled to consider the totality of the sentencing scheme. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256, 1258 ["subject only to the limitation that the aggregate prison term [cannot] be increased"].)

## DISPOSITION

The portion of the judgment in which the trial court found that the Texas conviction constituted a prior serious felony and a strike is reversed in accordance with this opinion. Upon retrial of the issue and/or resentencing, the trial court may fully exercise its sentencing discretion.


MOOR, J.

We concur:



RUBIN, P. J.



BAKER, J.

19